

Search for Cases by: | Select Search Method... ▼ |

Judicial Links | eFiling | Help | Contact Us | Print          GrantedPublicAccess  Logoff TINANBABEL

**20SL-CC06085 - DOUGLAS PHILLIP BR ET AL V OPENSIDED MRI OF S ET A (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending       Display Options: | All Entries ▼ |

---

**01/20/2021** ☐ **Summons Returned Non-Est**
Document ID - 20-SMCC-11221; Served To - SCHWETZ, PAUL EUGENE; Server - STEGMAN, JOHN; Served Date - 16-JAN-21; Served Time - 00:00:00; Service Type - Territory 12; Reason Description - Non-est; Service Text - NON EST NO CONTACT

**01/05/2021** ☐ **Summons Personally Served**
Document ID - 20-SMCC-11222; Served To - RUYLE, MATTHEW; Server - STEGMAN, JOHN; Served Date - 31-DEC-20; Served Time - 00:00:00; Service Type - Territory 12; Reason Description - Served; Service Text - LC

**12/29/2020** ☐ **Corporation Served**
Document ID - 20-SMCC-11220; Served To - OPENSIDED MRI OF ST LOUIS II LLC; Server - RINEHART, WILLIAM; Served Date - 24-DEC-20; Served Time - 00:00:00; Service Type - Territory 22; Reason Description - Served; Service Text - LC

☐ **Summons Returned Non-Est**
Document ID - 20-SMCC-11219; Served To - OPENSIDED MRI OF ST LOUIS LLC; Server - RINEHART, WILLIAM; Served Date - 29-DEC-20; Served Time - 00:00:00; Service Type - Territory 22; Reason Description - Moved; Service Text - MOVED FROM ADDRESS GIVEN N/EST

**12/17/2020** ☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-11222, for RUYLE, MATTHEW.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. Note* You must not forward summons to the St. Louis County Sheriff/Process Server before issue date on summons. Failure to follow these instructions may result in your summons being returned.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-11221, for SCHWETZ, PAUL EUGENE.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. Note* You must not forward summons to the St. Louis County Sheriff/Process Server before issue date on summons. Failure to follow these instructions may result in your summons being returned.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-11220, for OPENSIDED MRI OF ST LOUIS II LLC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. Note* You must not forward summons to the St. Louis County Sheriff/Process Server before issue date on summons. Failure to follow these instructions may result in your summons being returned.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-11219, for OPENSIDED MRI OF ST LOUIS LLC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. Note* You must not forward summons to the St. Louis County Sheriff/Process Server before issue date on summons. Failure to follow these instructions may result in your summons being returned.

**Judge/Clerk - Note**

☐

    HOLD SERVICE ON JOHN DOE 1-10 PER NOTE FROM ATTNY

**12/16/2020** ☐ **Filing Info Sheet eFiling**

    **Filed By:** MAX GEORGE MARGULIS

☐ **Note to Clerk eFiling**

    **Filed By:** MAX GEORGE MARGULIS

☐ **[Motion Filed](#)**

    Plaintiffs Memorandum of Law in Support of their motion for Class Certification.

    **Filed By:** MAX GEORGE MARGULIS

    **On Behalf Of:** DOUGLAS PHILLIP BRUST D C P C, ALAN PRESSWOOD, D.C., P.C.

☐ **[Motion Filed](#)**

    Motion for Class Certification.

    **Filed By:** MAX GEORGE MARGULIS

☐ **[Pet Filed in Circuit Ct](#)**

    Class Action Petition.

☐ **Judge Assigned**

    DIV 8

---

**20SL-CC06085**

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

STATE OF MISSOURI       )
                                   )
ST. LOUIS COUNTY       )

## IN THE CIRCUIT COURT OF THE ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| DOUGLAS PHILLIP BRUST, D.C., P.C. and ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly-situated, | Cause No. _____ |
| | Division |
|     Plaintiffs, | |
| v. | |
| OPENSIDED MRI OF ST. LOUIS L.L.C., <br>    Donald J. Mehan, Jr., Registered Agent <br>    8015 Forsyth Blvd <br>    St. Louis MO 63105 <br>    St. Louis County | ST. LOUIS COUNTY SHERIFF |
| OPENSIDED MRI OF ST. LOUIS II LLC, <br>    Brad D. Zimmerman., Registered Agent <br>    120 S. Central Ave, Ste 1800 <br>    St. Louis MO 63105 <br>    St. Louis County | ST. LOUIS COUNTY SHERIFF |
| PAUL EUGENE SCHWETZ, <br>    28 N. Walling Dr., <br>    St. Louis MO 63105 <br>    St. Louis County | ST. LOUIS COUNTY SHERIFF |
| MATTHEW RUYLE <br>    12101 Olive Blvd Dr., <br>    St. Louis MO 63105 <br>    St. Louis County | ST. LOUIS COUNTY SHERIFF |
| and | |
| JOHN DOES 1-10, | HOLD SERVICE |
|     Defendants. | |

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

## CLASS ACTION PETITION

Plaintiffs, DOUGLAS PHILLIP BRUST, D.C., P.C. and ALAN PRESSWOOD, D.C., P.C. ("Plaintiffs"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiffs or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, OPENSIDED MRI OF ST. LOUIS L.L.C., OPENSIDED MRI OF ST. LOUIS II, LLC, PAUL EUGENE SCHWETZ, MATTHEW RUYLE and JOHN DOES 1-10 ("Defendants"):

## PRELIMINARY STATEMENT

1.      This case challenges Defendants' practice of sending unsolicited facsimile advertisements.

2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from sending or having an agent send fax advertisements without the recipient's prior express invitation or permission ("advertising faxes" or "unsolicited faxes") and without a proper opt out notice.  The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.      Unsolicited faxes damage their recipients.  An advertising fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.  An advertising fax interrupts the recipient's privacy.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

2

Electronically Filed - St. Louis County - December 16, 2020 - 02:44 PM

An advertising fax consumes a portion of the limited capacity of the telecommunications infrastructure serving the victims of advertising faxing.

4.      On behalf of itself and all others similarly situated, Plaintiffs brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion and Missouri consumer and fraud and deceptive business practices act Chapter 407.

5.      Plaintiffs seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND PARTIES

6.      This court has personal jurisdiction over Defendants because Defendants transacts business within this state, have made contracts within this state, and/or have committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Missouri.

7.      Plaintiff DOUGLAS PHILLIP BRUST, D.C., P.C., is a Missouri corporation with its principal place of business in Missouri.

8.      Plaintiff ALAN PRESSWOOD, D.C., P.C., is a Missouri corporation.

9.      On information and belief, Defendant, OPENSIDED MRI OF ST. LOUIS L.L.C., is a limited liability company with its principal place of business in St. Louis County, Missouri.

10.     On information and belief, Defendant, OPENSIDED MRI OF ST. LOUIS II, LLC, is a limited liability company with its principal place of business in St. Louis County, Missouri.

11.     On information and belief, Defendant, PAUL EUGENE SCHWETZ, is an individual who resides in St. Louis County, Missouri.

12.     On information and belief, Defendant, MATTHEW RUYLE, is an individual who resides in St. Louis County, Missouri.

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

13.     On information and belief, Defendant MATTHEW RUYLE is the president of OPENSIDED MRI OF ST. LOUIS II, LLC.

14.     On information and belief, Defendant PAUL EUGENE SCHWETZ is the manager of OPENSIDED MRI OF ST. LOUIS, L.L.C.

15.     Upon information and belief, Defendant, MATTHEW RUYLE, is a principal owner of OPENSIDED MRI OF ST. LOUIS II, LLC.

16.     Upon information and belief, Defendant, PAUL EUGENE SCHWETZ, is a principal owner of OPENSIDED MRI OF ST. LOUIS, L.L.C.

17.     Defendant MATTHEW RUYLE, upon information and belief, exercised direction and/or control over OPENSIDED MRI OF ST. LOUIS II, LLC, both generally and specifically with regard to the composing and sending advertising faxes.

18.     Defendant PAUL EUGENE SCHWETZ , upon information and belief, exercised direction and/or control over OPENSIDED MRI OF ST. LOUIS, L.L.C., both generally and specifically with regard to the composing and sending advertising faxes.

19.     The Nation Provider Identifier (NPI) for OPENSIDED MRI OF ST. LOUIS, L.L.C. is 1811518202.

20.     The Nation Provider Identifier (NPI) for OPENSIDED MRI OF ST. LOUIS II, LLC is 1811518202.

21.     Defendant, John Does 1-10 will be identified through discovery, but are not presently known.

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

**RELEVANT FACTS**

22.     Defendants sent unsolicited facsimiles, including but not limited to the fax sent on or about the date of April 7, 2020 to Plaintiff DOUGLAS PHILLIP BRUST, D.C., P.C., in St. Louis County, Missouri.  A true and correct copy of the facsimiles are attached as Exhibit A (excluding any handwritten notations).  This is only an example of the fax sent by or on behalf of the Defendant to the Plaintiff DOUGLAS PHILLIP BRUST, D.C., P.C.

23.     Defendants sent unsolicited facsimiles, including but not limited to the faxes sent on or about the dates of April 7, 2020, April 15, 2020, May 18, 2020, June 1, 2020, to Plaintiff ALAN PRESSWOOD, D.C., P.C. in Marion County, Illinois.  A true and correct copy of the facsimiles are attached as Exhibits B – E (excluding any handwritten notations).  These are only examples of faxes sent by or on behalf of the Defendant to the Plaintiff ALAN PRESSWOOD, D.C., P.C.

24.     The transmissions sent to Plaintiffs on or about April 7, 2020, April 15, 2020, May 18, 2020, June 1, 2020 constitutes material advertising the commercial availability of any property, goods or services.

25.     On information and belief, Defendant has sent other facsimile transmissions of material advertising the commercial availability of property, goods, or services to Plaintiffs and many other persons as part of a plan to broadcast fax advertisements, of which Exhibits A – E are examples.

26.     On information and belief, Defendants receive some or all of the revenues from the sale of the products, goods and services advertised on Exhibits A – E, and Defendants profit and benefit from the sale of the products, goods and services advertised on Exhibits A – E.

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

27.     On information and belief, Defendants faxed the same and other unsolicited facsimiles with opt-out language identical or substantially similar to the opt-out language of the fax advertisement attached hereto as Exhibits A – E to Plaintiffs and at least 40 other recipients or sent the same and other advertisements by fax with the required opt-out language but without first receiving the recipients' express invitation or permission or without having an established business relationship as defined by the TCPA and its regulations.

28.     Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by  (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the faxes; (c) creating and approving the form of fax to be sent; and (d) determining the number and frequency of the facsimile transmissions.

29.     Defendants created or made Exhibits A – E and other fax advertisements, which Defendants distributed to Plaintiffs and the other members of the class.

30.     Exhibits A – E and the other facsimile advertisements are a part of Defendants' work or operations to market Defendants' goods or services which were performed by Defendants and on behalf of Defendants.

31.     Exhibits A – E and the other facsimile advertisements constitute material furnished in connection with Defendants' work or operations.

32.     The transmission of facsimile advertisements, including Exhibits A – E, to Plaintiffs did not contain a notice that states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph 47 C.F.R. § 64.1200(a)(4)(iii) of this section is unlawful.

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

33. The transmission of facsimile advertisements, including Exhibits A – E, to Plaintiffs did not contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. § 64.1200(a)(4)(iii).

34. The transmission of facsimile advertisements, including Exhibits A – E, to Plaintiffs was required to contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. § 64.1200(a)(4)(iii).

35. Defendant have never included any notice on any facsimile advertisements that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. § 64.1200(a)(4)(iii).

36. On information and belief, Defendants sent multiple facsimile advertisements to Plaintiffs and members of the proposed classes throughout the time period covered by the class definitions.

37. On information and belief, Defendants faxed the same and other facsimile advertisements to the members of the proposed classes in Missouri and throughout the United States without first obtaining the recipients' prior express permission or invitation.

38. There is no reasonable means for Plaintiffs (or any other class member) to avoid receiving unlawful faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

39. Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibits A – E hereto to Plaintiffs and the other members of the class without obtaining their prior express permission or invitation and not displaying the proper opt out notice required by 47 C.F.R. § 64.1200.

40. Defendants knew or should have known that: (a) facsimile advertisements, including Exhibits A – E were advertisements; (b) Plaintiffs and the other members of the class

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

had not given their prior permission or invitation to receive facsimile advertisements; (c) No established business relationship existed with Plaintiffs and the other members of the class; and (d) Defendants did not display a proper opt out notice.

41.     Defendants engaged in the transmissions of facsimile advertisements, including Exhibits A – E believing such transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

42.     Defendants did not intend to send transmissions of facsimile advertisements, including Exhibits A – E to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

43.     Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of facsimile advertisements, including Exhibits A – E both to others in general, and specifically to Plaintiffs.

44.     The transmissions of facsimile advertisements, including Exhibits A – E to Plaintiffs and other members of the class caused destruction of Plaintiffs' property.

45.     The transmissions of facsimile advertisements, including Exhibits A – E to Plaintiffs and other members of the class interfered with Plaintiffs' and other members of the class' exclusive use of their property.

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

46.    The transmissions of facsimile advertisements, including Exhibits A – E to Plaintiffs and other members of the class interfered with Plaintiffs' and other members of the class' business and/or personal communications.

<div align="center">

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

</div>

47.    Plaintiffs incorporates the preceding paragraphs as though fully set forth herein.

48.    Plaintiffs brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent by or on behalf of Defendants any telephone facsimile transmissions of material making known the commercial existence of, or making qualitative statements regarding any property, goods, or services (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants does not have an established business relationship or (5) which were sent an advertisement by fax which did not display a proper opt out notice.

49.    A class action is warranted because:

a.    On information and belief, the class includes more than forty persons and is so numerous that joinder of all members is impracticable.

b.    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

i.    Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

ii.    Whether Exhibits A – E and other faxes transmitted by or on behalf of Defendant contain material advertising the commercial availability of any property, goods or services;

<div align="center">9</div>

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

iii. Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

iv. The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibits A – E and other unsolicited faxed advertisements;

v. Whether Defendants faxed advertisements without first obtaining the recipients' prior express permission or invitation;

vi. Whether Defendants violated the provisions of 47 U.S.C. § 227 or the regulations prescribed thereunder;

vii. Whether Plaintiffs and the other class members are entitled to statutory damages;

viii. Whether Defendants knowingly violated the provisions of 47 U.S.C. § 227 or the regulations prescribed thereunder;

ix. Whether Defendants should be enjoined from faxing advertisements in the future;

x. Whether the Court should award trebled damages; and

xi. Whether Exhibits A – E and the other fax advertisements sent by or on behalf of Defendants displayed the proper opt out notice required by 47 C.F.R. § 64.1200.

c. Plaintiffs' claims are typical of the other class members.

d. Plaintiffs will fairly and adequately protect the interests of the other class members. Plaintiffs' counsel are experienced in handling class actions and claims

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

involving unsolicited advertising faxes.  Neither Plaintiffs nor Plaintiffs' counsel has any interests adverse or in conflict with the absent class members.

e.      A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

50.    Plaintiffs will fairly and adequately protect the interests of the other class members. Plaintiffs' counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiffs nor Plaintiffs' counsel has any interests adverse or in conflict with the absent class members.

51.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

52.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227(b)(1).

53.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission."  47 U.S.C. § 227(a)(4).

54.    The TCPA provides:

Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

11

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

(A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)     Both such actions.

55.     The Court, in its discretion, may treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

56.     The TCPA is a strict liability statute and the Defendants are liable to Plaintiffs and the other class members even if their actions were only negligent.

57.     Defendants' actions caused damages to Plaintiffs and the other class members. Receiving Defendants' advertising faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes.  Moreover, Defendants' actions interfered with Plaintiffs' use of its fax machine and telephone line connected to that fax machine.  Defendants' faxes cost Plaintiffs time, as Plaintiffs and/or its employees wasted their time receiving, reviewing and routing Defendants' unlawful faxes.  That time otherwise would have been spent on Plaintiffs' business activities.   Finally, Defendants' faxes unlawfully interrupted Plaintiffs' and the other class members' privacy interests in being left alone.

58.     Defendants did not intend to cause damage to Plaintiffs and the other class members, did not intend to violate their privacy, and did not intend to interfere with recipients' fax machines or consume the recipients' valuable time with Defendants' advertisements.

59.     If the court finds that Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph.  47 U.S.C. § 227(b)(3).

60.     Defendants knew or should have known that: (A) Plaintiffs and the other class members had not given express permission or invitation for Defendants or anyone else to fax advertisements about Defendants' goods or services, (B) Defendants did not have an established business relationship with Plaintiffs and the other members of the class, (C) Exhibits A – E and the other facsimile advertisements were advertisements, and (D) Exhibits A – E and the other facsimile advertisements did not display the proper opt out notice.

61.     Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibits A – E and the other facsimile advertisements hereto to Plaintiffs and the other members of the class without obtaining their prior express permission or invitation and not displaying the proper opt out notice required by 47 C.F.R. § 64.1200.

62.     Defendants knew or should have known that:  (a) documents Exhibits A – E and the other facsimile advertisements were advertisements; (b) Defendants did not obtain prior permission or invitation to send facsimile advertisements, including Exhibits A – E; (c) Defendants did not have an established business relationship with Plaintiffs or the other members of the class and (d) Exhibits A – E and the other facsimile advertisements did not display a proper opt out notice.

63.     Defendants engaged in the transmissions of documents Exhibits A – E and the other facsimile advertisements believing such transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

64.     Discovery will show that multiple additional faxes that contain material advertising the commercial availability of any property goods or services were transmitted to the Plaintiffs' fax number by the Defendants from April 7, 2020 to the present without the prior express permission of the Plaintiffs.

65.     Defendants did not intend to send transmissions of documents Exhibits A – E and the other facsimile advertisements to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of documents Exhibits A – E and the other facsimile advertisements were sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

66.     Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of documents Exhibits A – E and the other facsimile advertisements both to others in general, and specifically to Plaintiffs.

67.     Defendants' actions caused damages to Plaintiffs and the other class members, because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result.  Defendants' actions prevented Plaintiffs' fax machine from being used for Plaintiffs' business purposes during the time Defendants were using Plaintiffs' fax machine for Defendants' unauthorized purpose.  Defendants' actions also cost Plaintiffs employee time, as Plaintiffs' employees used their time receiving, routing and reviewing Defendants' unauthorized faxes and that time otherwise would have been spent on Plaintiffs' business activities.  Finally, the

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

injury and property damage sustained by Plaintiffs and the other members of the class occurred outside of Defendants' premises.  Pursuant to law, Plaintiffs, and each class member, instead may recover $500 for each violation of the TCPA.

68.     **Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in § (b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

(1)     A statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

(2)     A statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

(3)     A statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines;

(4)     The opt-out language must be conspicuous.

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

Federal Communications Commission (the "FCC") in ¶ 31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of the telephone lines and fax machines giving them the right, and means, to stop unwanted faxed advertisements.

69.   **2006 FCC Report and Order.** The JFPA, in § (b)(2) of the Act, directed the FCC to implement regulations regarding the JFPA, including the JFPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

   A.   The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 8-12 and 17-20);

   B.   The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under § (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 13-16);

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

C.      The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 24-34);

WHEREFORE, Plaintiffs, DOUGLAS PHILLIP BRUST, D.C., P.C. and ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, OPENSIDED MRI OF ST. LOUIS L.L.C., OPENSIDED MRI OF ST. LOUIS II, LLC, PAUL EUGENE SCHWETZ, MATTHEW RUYLE and JOHN DOES 1-10, as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiffs as the representative of the class, and appoint Plaintiffs' counsel as counsel for the class;

B.      That the Court award between $500.00 and $1,500.00 in damages for each violation of the TCPA;

C.      That the Court enter an injunction prohibiting the Defendants from engaging in the statutory violations at issue in this action; and

D.      That the Court award costs and such further relief as the Court may deem just and proper.

E.      That the Court award pre-judgment and post-judgment interest at the statutory rate of 9%.

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

## COUNT II
## DECLARATORY RELIEF

70.     Plaintiffs incorporates by reference all allegations of all preceding paragraphs as if fully set forth herein.

71.     As a result of Defendants' actions, described herein, a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, and Plaintiffs and the Class have legally protectable interests at stake.

72.     A declaration that Defendants' actions, as described herein, violate the TCPA is warranted.

## COUNT III
## CONVERSION

73.     Plaintiffs incorporates Paragraphs 3 and 4, 22 – 23, 28 – 31, 36 – 38 and 41 – 46 as for its paragraph 73.

74.     Plaintiffs brings Count III for conversion under the common law for the following class of persons:

> All persons who on or after five years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants with respect to whom Defendants cannot provide evidence of prior express permission or invitation.

75.     A class action is proper in that:

a.      On information and belief, the class is so numerous that joinder of all members is impracticable.

b.      There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

     i.      Whether Defendants engaged in a pattern of sending unsolicited faxes;

     ii.     Whether Defendants sent faxes without obtaining the recipients' prior express permission or invitation of the faxes;

     iii.    The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibits A – E and other unsolicited faxes;

     iv.    Whether Defendants committed the tort of conversion; and

     v.     Whether Plaintiffs and the other class members are entitled to recover actual damages and other appropriate relief.

c.    Plaintiffs' claims are typical of the other class members.

d.    Plaintiffs will fairly and adequately protect the interests of the other class members.  Plaintiffs' counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiffs nor Plaintiffs' counsel has any interests adverse or in conflict with the absent class members.

e.    A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

76.    Plaintiffs will fairly and adequately protect the interests of the other class members. Plaintiffs has retained counsel who is experienced in handling class actions and claims involving

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

unlawful business practices.  Neither Plaintiffs nor Plaintiffs' counsel have any interests adverse or in conflict with the class.

77.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

78.     By sending Plaintiffs and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiffs' employees' time to Defendants' own use.

79.     Immediately prior to the sending of the unsolicited faxes, Plaintiffs, and the other class members owned an unqualified and immediate right to possession of their fax machine, paper, toner, and employee time.

80.     By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use.   Such misappropriation was wrongful and without authorization.

81.     Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

82.     Plaintiffs and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose.  Plaintiffs and each class member thereby suffered damages as a result of the sending of unsolicited fax advertisements from Defendants.

83.     Each of Defendants' unsolicited faxes effectively stole Plaintiffs' employees' time because persons employed by Plaintiffs were involved in receiving, routing, and reviewing

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

Defendants' unlawful faxes.  Defendants knew or should have known employees' time is valuable to Plaintiffs.

84.     Defendants' actions caused damages to Plaintiffs and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result.  Defendants' actions prevented Plaintiffs' fax machines from being used for Plaintiffs' business purposes during the time Defendants was using Plaintiffs' fax machines for Defendants' unlawful purpose.  Defendants' actions also cost Plaintiffs employee time, as Plaintiffs' employees used their time receiving, routing, and reviewing Defendants' unlawful faxes, and that time otherwise would have been spent on Plaintiffs' business activities.

WHEREFORE, Plaintiffs, DOUGLAS PHILLIP BRUST, D.C., P.C. and ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, OPENSIDED MRI OF ST. LOUIS L.L.C., OPENSIDED MRI OF ST. LOUIS II, LLC, PAUL EUGENE SCHWETZ, MATTHEW RUYLE and JOHN DOES 1-10, as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiffs as the representative of the class, and appoint Plaintiffs' counsel as counsel for the class;

B.      That the Court award appropriate damages;

C.      That the Court award costs of suit; and

D.      Awarding such further relief as the Court may deem just and proper.

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

**COUNT IV**
**MISSOURI CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**
**Chapter 407**

85.     Plaintiffs incorporates Paragraphs 3 and 4, 22 – 23, 28 – 31, 36 – 38 and 41 – 46 as

for its paragraph 85.

86.     In accordance with Chapter 407, Plaintiffs, on behalf of the following class of

persons, bring Count IV for Defendants' unfair practice of sending unsolicited and unlawful fax

advertisements:

> All persons who on or after four years prior to the filing of this action, were sent
> telephone facsimile messages by or on behalf of Defendants with respect to whom
> Defendants cannot provide evidence of prior express permission or invitation.

87.     A class action is proper in that:

a.     On information and belief, the class consists of over 40 persons in Missouri

and throughout the United States and is so numerous that joinder of all members is

impracticable.

b.     There are questions of fact or law common to the class predominating over

all questions affecting only individual class members including:

i.     Whether Defendants engaged in a pattern of sending unsolicited

faxes;

ii.     The manner and method Defendants used to compile or obtain the

list of fax numbers to which it sent Exhibits A – E and other unsolicited

faxes;

iii.     Whether Defendants' practice of sending unsolicited faxes violates

Missouri public policy;

22

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

iv.    Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Missouri Merchandising Practices Act (MMPA), Chapter 407 RSMO; and

v.     Whether Defendants should be enjoined from sending unsolicited fax advertising in the future.

c.    Plaintiffs' claims are typical of the other class members.

d.    Plaintiffs will fairly and adequately protect the interests of the other class members.  Plaintiffs' counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiffs nor Plaintiffs' counsel has any interests adverse or in conflict with the absent class members.

e.    A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

88.    Plaintiffs will fairly and adequately protect the interests of the other class members. Plaintiffs has retained counsel who are experienced in handling class actions and claims involving lawful business practices.  Neither Plaintiffs nor Plaintiffs' counsel have any interests adverse or in conflict with the class.

89.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

90.     Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiffs and the other class members to incur expense without any consideration in return.  Defendants' practice effectively forced Plaintiffs and the other class members to pay for Defendants' advertising campaign.

91.     Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

92.     Defendants' misconduct caused damages to Plaintiffs and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

93.     Defendants' actions caused damages to Plaintiffs and the other class members because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner consumed as a result.  Defendants' actions prevented Plaintiffs' fax machine from being used for Plaintiffs' business purposes during the time Defendants were using Plaintiffs' fax machine for Defendants' unlawful purpose.  Defendants' actions also cost Plaintiffs employee time, as Plaintiffs' employees used their time receiving, routing, and reviewing Defendants' unlawful faxes and that time otherwise would have been spent on Plaintiffs' business activities.

WHEREFORE, Plaintiffs, DOUGLAS PHILLIP BRUST, D.C., P.C. and ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, OPENSIDED MRI OF ST. LOUIS L.L.C., OPENSIDED MRI OF ST. LOUIS II, LLC, PAUL EUGENE SCHWETZ, MATTHEW RUYLE and JOHN DOES 1-10, as follows:

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiffs as the class representative, and appoint Plaintiffs' counsel as counsel for the class;

B.    That the Court award damages to Plaintiffs and the other class members;

C.    That the Court award treble damages to Plaintiffs and the other class members for willful or knowing violations of the TCPA;

D.    That the Court declare that Defendants' conduct violated the TCPA and that this action is just and proper;

E.    That the Court award damages for conversion of the Plaintiffs and the class for violation of their rights;

F.    That the Court award attorney fees and costs;

G.    That the Court award all expenses incurred in preparing and prosecuting these claims;

H.    That the Court enter an injunction prohibiting Defendants from sending faxed advertisements; and

I.    Awarding such further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Max G. Margulis
Max G. Margulis, #24325
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022 - Residential
F: (636) 536-6652 - Residential
E-Mail: MaxMargulis@MargulisLaw.com
*Attorneys for Plaintiffs*

<u>Of Counsel</u>
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Phone:  (847) 368-1500
Fax:  (847) 368-1501
E-Mail: bwanca@andersonwanca.com

Electronically Filed - St. Louis County - December 16, 2020 - 02:44 PM



### GREATER MISSOURI imaging

Hope is being able to see that there is light despite all the darkness.
Desmond Tutu

# We are scheduling Monday-Friday for emergent and non-emergent MRIs, CTs and Injections.

At Greater Missouri Imaging we are taking extra precautions to make sure your patients are safe.

Our office staff and technicians are implementing the following protocols:

- Limit the number of patients in the waiting area
- Sanitize pens and clipboards between each patient
- Sanitize all countertops, door handles and equipment
- Technicians wear gloves and masks
- Everyone's temperature is taken upon arrival

Patients are being scheduled promptly. Once in the office, they are greeted by our friendly and knowledgeable staff. Reports are usually read by Dr. Matt Ruyle within 24 hours and faxed to the referring offices.  STAT results also offered.

**Call or Fax an order to schedule your patients**

**Phone: (314) 514-0167**
**Fax:  (314) 514-8773**

**12101 Olive Blvd.**
**Creve Coeur, MO  63141**

To be removed please fax us at (314) 514-8773

# EXHIBIT A - pg 1

Electronically Filed - St. Louis County - December 16, 2020 - 02:44 PM

BRUST



GREATER MISSOURI
**imaging**

12101 Olive Blvd.
Creve Coeur, MO 63141

Phone: (314) 514-0167
Fax: (314) 514-8773

## MRI – CT – X-Ray - Injections

| Patient Name (as shown on insurance card) | Patient DOB |
|---|---|
| Patient weight:_____ lbs.  Patient Claustrophobic: YES NO | Phone: □ Cell □ Home |
| Insurance Information/ Attorney | □ Workers' Comp □ Injury |

**Patient Diagnosis/Reason for Study (required)**

| Provider Signature (required) | Provider Name (printed) | Date |
|---|---|---|

### ARTHROGRAPHY

□ MRI Arthrogram     □ L □ R     □ Ankle, □ Elbow, □ Hip, □ Knee, □ Shoulder, □ Wrist
□ CT Arthrogram                  □ MCP □ MTP Joint_____

### Injections

| | |
|---|---|
| □ Cervical | □ Therapeutic Joint Injections |
| □ Epidural | Joint_____ |
| □ Lumbar | **□ Tenogram** |
| □ Thoracic | **□ Myelogram** |
| □ Trigger point | **□ Discogram** |

□ Kyphoplasty
□ RFA

### X-Ray- COMING SOON

□ Cervical
□ Lumbar

□ 3 view
□ 5 view Oblique
□ 7 view Flex/Ext
□ 9 view Side Bending

□ Chest
□ KUB
□ Obstructive Series
□ Pelvis
□ Thoracic

□ Other

| | L | R |
|---|---|---|
| □ Ankle | □ L | □ R |
| □ Elbow | □ L | □ R |
| □ Femur | □ L | □ R |
| □ Foot | □ L | □ R |
| □ Forearm | □ L | □ R |
| □ Hand | □ L | □ R |
| □ Hip | □ L | □ R |
| □ Humerus | □ L | □ R |
| □ Ribs | □ L | □ R |
| □ Shoulder | □ L | □ R |
| □ Tib/Fib | □ L | □ R |
| □ Wrist | □ L | □ R |

**MRI - Table Weight Limit - 350 lbs.**
**CT - Table Weight Limit - 500 lbs.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

□ Abdomen                    □ **MRI**        □ **CT**
□ Abdomen/Pelvis
□ Abdomen/Pelvis
   (Stone Protocol)          □ **MRA**  □ Abdomen/Pelvis
□ Brachial Plexus                      □ Chest
□ Brain                      □ **CTA**  □ Head
□ Chest/Lung                           □ Neck
□ Chest – low dose                     □ Other____
□ Facial Bones
□ IAC's          | □ Ankle | □ L | □ R |
□ Liver          | □ Chest wall/ | □ L | □ R |
□ Lumbar w/      |   Pectoralis |
   Portal Gravity| □ Elbow | □ L | □ R |
□ Orbits         | □ Foot | □ L | □ R |
□ Pelvis         | □ Forearm | □ L | □ R |
□ Pituitary      | □ Hand | □ L | □ R |
□ Soft Neck Tissue| □ Hip | □ L | □ R |
□ C-Spine        | □ Knee | □ L | □ R |
□ T-Spine        | □ Lower Leg | □ L | □ R |
□ L-Spine        | □ Shoulder | □ L | □ R |
□ Standard Sinus | □ Thigh | □ L | □ R |
□ Stealth Sinus  | □ Upper Arm | □ L | □ R |
□ Temporal Bones | □ Wrist | □ L | □ R |
□ TMJ's
□ Other____

□ Without Contrast     □ With Contrast     □ With and Without Contrast
□ IV Contrast as clinically indicated by radiologist     □ May not modify exam without permission

Reporting Method: □ CD w/ report   □ PT to Carry CD   □ STAT          Report to: (Fax/Phone/Address):
                  □ Report only   □ Portal/Web Viewing   □ Read and Call

# EXHIBIT A - pg 2

Electronically Filed - St. Louis County - December 16, 2020 - 02:44 PM



# GREATER MISSOURI imaging

Hope is being able to see that there is light despite all the darkness.
Desmond Tutu

# We are scheduling Monday-Friday for emergent and non-emergent MRIs, CTs and Injections.

At Greater Missouri Imaging we are taking extra precautions to make sure your patients are safe.

Our office staff and technicians are implementing the following protocols:

- Limit the number of patients in the waiting area
- Sanitize pens and clipboards between each patient
- Sanitize all countertops, door handles and equipment
- Technicians wear gloves and masks
- Everyone's temperature is taken upon arrival

Patients are being scheduled promptly. Once in the office, they are greeted by our friendly and knowledgeable staff. Reports are usually read by Dr. Matt Ruyle within 24 hours and faxed to the referring offices. STAT results also offered.

## Call or Fax an order to schedule your patients

### Phone: (314) 514-0167
### Fax: (314) 514-8773

### 12101 Olive Blvd.
### Creve Coeur, MO  63141

To be removed please fax us at (314) 514-8773

EXHIBIT B - pg 1



Electronically Filed - St. Louis County - December 16, 2020 - 02:44 PM

PRESSWOOD



GREATER MISSOURI **imaging**

12101 Olive Blvd.
Creve Coeur, MO 63141

Phone: (314) 514-0167
Fax:    (314) 514-8773

## MRI – CT – X-Ray - Injections

| Patient Name (as shown on insurance card) | Patient DOB |
|---|---|
| Patient weight:_____lbs.  Patient Claustrophobic: YES  NO | Phone:       □ Cell              □ Home |
| Insurance Information/ Attorney | □ Workers' Comp          □ Injury |

**Patient Diagnosis/Reason for Study (required)**

| Provider Signature (required) | Provider Name (printed) | Date |
|---|---|---|

### ARTHROGRAPHY

□ MRI Arthrogram
□ CT Arthrogram

□ L   □ R

□ Ankle, □ Elbow, □ Hip, □ Knee, □ Shoulder, □ Wrist
□ MCP  □ MTP  Joint_____

### Injections

□ Cervical
□ Epidural
□ Lumbar
□ Thoracic
□ Trigger point

□ **Therapeutic Joint Injections**
Joint_____
□ **Tenogram**
□ **Myelogram**
□ **Discogram**

□ Kyphoplasty
□ RFA

### X-Ray- COMING SOON

□ Cervical
□ Lumbar

□ 3 view
□ 5 view Oblique
□ 7 view Flex/Ext
□ 9 view Side Bending

□ Chest
□ KUB
□ Obstructive Series
□ Pelvis
□ Thoracic

□ Other _____

| | | |
|---|---|---|
| □ Ankle | □ L | □ R |
| □ Elbow | □ L | □ R |
| □ Femur | □ L | □ R |
| □ Foot | □ L | □ R |
| □ Forearm | □ L | □ R |
| □ Hand | □ L | □ R |
| □ Hip | □ L | □ R |
| □ Humerus | □ L | □ R |
| □ Ribs | □ L | □ R |
| □ Shoulder | □ L | □ R |
| □ Tib/Fib | □ L | □ R |
| □ Wrist | □ L | □ R |

### MRI - Table Weight Limit - 350 lbs.
### CT - Table Weight Limit - 500 lbs.

|  | □ MRI | □ CT |
|---|---|---|
| □ Abdomen | | |
| □ Abdomen/Pelvis | | |
| □ Abdomen/Pelvis (Stone Protocol) | | |
| □ Brachial Plexus | | |
| □ Brain | | |
| □ Chest/Lung | | |
| □ Chest – low dose | | |
| □ Facial Bones | | |
| □ IAC's | | |
| □ Liver | | |
| □ Lumbar w/ Portal Gravity | | |
| □ Orbits | | |
| □ Pelvis | | |
| □ Pituitary | | |
| □ Soft Neck Tissue | | |
| □ C-Spine | | |
| □ T-Spine | | |
| □ L-Spine | | |
| □ Standard Sinus | | |
| □ Stealth Sinus | | |
| □ Temporal Bones | | |
| □ TMJ's | | |
| □ Other _____ | | |

□ **MRA**   □ Abdomen/Pelvis
□ **CTA**     □ Chest
                □ Head
                □ Neck
                □ Other

| | | |
|---|---|---|
| □ Ankle | □ L | □ R |
| □ Chest wall/ Pectoralis | □ L | □ R |
| □ Elbow | □ L | □ R |
| □ Foot | □ L | □ R |
| □ Forearm | □ L | □ R |
| □ Hand | □ L | □ R |
| □ Hip | □ L | □ R |
| □ Knee | □ L | □ R |
| □ Lower Leg | □ L | □ R |
| □ Shoulder | □ L | □ R |
| □ Thigh | □ L | □ R |
| □ Upper Arm | □ L | □ R |
| □ Wrist | □ L | □ R |

□ Without Contrast    □ With Contrast    □ With and Without Contrast
□ IV Contrast as clinically indicated by radiologist    □ May not modify exam without permission

Reporting Method:  □ CD w/ report   □ PT to Carry CD   □ STAT
□ Report only        □ Portal/Web Viewing   □ Read and Call

Report to: (Fax/Phone/Address):
_____ (Presswood)

EXHIBIT B - pg 2

Electronically Filed - St. Louis County - December 16, 2020 - 02:44 PM



GREATER MISSOURI
**imaging**

"Each morning we are born again. What we do today is what matters most."
**Buddha**

# We are scheduling Monday-Friday for emergent and non-emergent MRIs, CTs and fluoroscopic procedures/Injections.

**At Greater Missouri Imaging we take extra precautions to make sure your patients are safe.**
- Patients are screened for symptoms of illness and temperature is taken on arrival
- All employees are screened daily for illness and temperature is taken.
- All staff observe universal contact precautions for viral illness. All staff are masked.
- Patient numbers are strictly limited in waiting areas. Patients are encouraged to wait in their vehicles if they prefer.
- All exam rooms are terminally cleaned after every patient. All surfaces cleaned with virucidal cleaning solution. All potential contact points in common areas are cleaned after every patient.

**We are here for your patients who might be experiencing pain in their back or joints and may have difficulty getting routine or definitive treatment for new or ongoing pain.**
The following services are provided for pain:
- Spine including epidural, facet, nerve block, or trigger point/myofascial injections
- All peripheral joint injections.
- Peripheral tendon or ligamentous injections (e.g. tennis elbow injection)

**We are able to provide multiple levels of pain management for your patients' needs.**
- Injections as a specific one time, one site referral (e.g.L4-5 epidural steroid injection)
- A series of a specific number of injections (e.g. Lumbar ESI series of 3 as needed)
- We can also function on an evaluate and treat basis/order, including evaluation, exam, appropriate imaging, and appropriate pain management treatment.
- **We can treat on a one-time or an ongoing basis.**

**Call or Fax an order to schedule your patients**
**Phone: (314) 514-0167**
**Fax: (314) 514-8773**
**12101 Olive Blvd.**
**Creve Coeur, MO 63141**

To be removed please fax us at (314) 514-8773

EXHIBIT C

Case: 4:21-cv-00089-SEP Doc. #: 1-1 Filed: 01/22/21 Page: 34 of 61 PageID #: 38

Electronically Filed - St. Louis County - December 16, 2020 - 02:44 PM

GREATER MISSOURI
# imaging

"Do your little bit of good where you are; its those little bits of good put together that overwhelm the world."

-Desmond Tutu

**At Greater Missouri Imaging we are always striving to provide the best diagnostic imaging services in the St. Louis area.**

**In addition to MRI, CT, and Fluoroscopic procedures/ injections, we have added the lowest dose X-ray available for walk- ins or by appointment.**

**Currently we are under construction installing a new MRI with the newest most up-to-date technology.**

**There may be a bit of a mess while under construction but no need to worry your patient's safety is our priority. We are taking extra precautions to make sure your patients are provided safe and effective diagnostic imaging.**

- Patients are screened for symptoms of illness and temperature is taken on arrival
- All employees are screened daily for illness and temperature is taken.
- All staff observe universal contact precautions for viral illness. All staff are masked.
- Patient numbers are strictly limited in waiting areas. Patients are encouraged to wait in their vehicles if they prefer.
- All exam rooms are terminally cleaned after every patient. All surfaces cleaned with virucidal cleaning solution. All potential contact points in common areas are cleaned after every patient.

**Reminder:** If your office is to busy to call and schedule your patient, just send over the order and we will be happy to call and take care of that for you.

**Call or Fax an order to schedule your patients**
**Phone: (314) 514-0167**
**Fax: (314) 514-8773**
**12101 Olive Blvd.**
**Creve Coeur, MO 63141**

To be removed please fax us at (314) 514-8773

EXHIBIT D

PRESSWOOD

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

# GREATER MISSOURI imaging

It's not what you look at that matters, it's what you see.

- Henry David Thoreau

**At Greater Missouri Imaging we are always striving to provide the best diagnostic imaging services in the St. Louis area.**

**In our constant search for better imaging we have found a way to deliver extremely low dose CT and X-Ray. Protecting your patients from unnecessary radiation.**

**Currently we are still under construction installing a new MRI with the newest most up-to-date technology.**

**There may be a bit of a mess while under construction but no need to worry your patient's safety is our priority. We are taking extra precautions to make sure your patients are provided safe and effective diagnostic imaging.**

- Patients are screened for symptoms of illness and temperature is taken on arrival
- All employees are screened daily for illness and temperature is taken.
- All staff observe universal contact precautions for viral illness. All staff are masked.
- Patient numbers are strictly limited in waiting areas. Patients are encouraged to wait in their vehicles if they prefer.
- All exam rooms are terminally cleaned after every patient. All surfaces cleaned with virucidal cleaning solution. All potential contact points in common areas are cleaned after every patient.

**Reminder:** If your office is too busy to call and schedule your patient, just send over the order and we will be happy to call and take care of that for you.

**Call or Fax an order to schedule your patients**
**Phone: (314) 514-0167**
**Fax: (314) 514-8773**
**12101 Olive Blvd.**
**Creve Coeur, MO 63141**

To be removed please fax us at (314) 514-8773

# EXHIBIT E

**20SL-CC06085**

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

DOUGLAS PHILLIP BRUST, D.C., P.C. and ALAN
PRESSWOOD, D.C., P.C., individually and on behalf
of all others similarly-situated,

       Plaintiffs,

v.

OPENSIDED MRI OF ST. LOUIS L.L.C.,
OPENSIDED MRI OF ST. LOUIS II LLC,
PAUL EUGENE SCHWETZ, MATTHEW RUYLE
and JOHN DOES 1-10,

       Defendants.

Cause No. _____

Division

**MOTION FOR CLASS CERTIFICATION**

COMES NOW Plaintiffs, individually and on behalf of all others similarly situated, by and

through its undersigned counsel, and for their Motion for Class Certification, states

1.      This cause should be certified as a class because all of the necessary elements of

Rule 52.08 are met.

2.      Plaintiffs request that the Court certify a class, so the common claims of the Class

members, based on a uniform legal theory and factual allegations applicable to all Class members,

can be resolved on a class-wide basis.

3.      Plaintiffs propose the following Class definition:

All persons who (1) on or after four years prior to the filing of this action,
(2) were sent by or on behalf of Defendants any telephone facsimile
transmissions of material making known the commercial existence of, or
making qualitative statements regarding any property, goods, or services (3)
with respect to whom Defendants cannot provide evidence of prior express
permission or invitation for the sending of such faxes, (4) with whom
Defendants does not have an established business relationship or (5) which
were sent an advertisement by fax which did not display a proper opt out
notice.

1

4.      Under Rule 52.08(a)(1), to bring a Class action, the Class must be "so numerous that joinder of all members is impracticable." Rule 52.08(a)(1).  Here, there are at least hundreds of persons who fall within the Class definition.  Thus, the numerosity requirement of Rule 52.08(a)(1) is satisfied.

5.      There are questions of law or fact common to the Class members.

6.      The claims or defenses of the representative parties are typical of the claims or defenses of this Class.

7.      Plaintiffs and their counsel will fairly and adequately protect the interest of the Class.

8.      Common issues of law or fact predominate over any individual issues, and a class action is the superior method for the fair and efficient adjudication of this controversy.

9.      The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the party opposing the class.

10.      The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

11.      Plaintiffs request additional time to file an Amended Class Certification Motion and Memorandum of Law after the Court sets up an appropriate discovery schedule.  Written discovery related to class certification issues is presently outstanding.

WHEREFORE, Plaintiffs pray that this Court certify this case as a class action, grant statutory injunctive relief prohibiting Defendants from sending advertising materials via fax to

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

members of the class, and further pray that the Court appoint Plaintiff as Class Representative, appoint Plaintiff's attorneys Class Counsel; that this Court allow Plaintiff additional time, for completion of discovery related to class certification issues, to file an Amended Class Certification Motion and Memorandum of Law; and for such other and further relief as the Court deems appropriate under the circumstances.

In the alternative if the Court determines that this class certification motion be dismissed without prejudice as being premature, the Plaintiff requests that the Court issue an order that Defendant not be allowed to make an offer of judgment or a settlement offer until the Court sets a scheduling order and the Plaintiffs are allowed time to conduct discovery and file a future class certification motion pursuant to the Court's scheduling order and that the future class certification motion will relate back to the filing of the original class certification motion.

Respectfully submitted,

/s/ Max G. Margulis
Max G. Margulis, #24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022 – Residential
E-Mail:  MaxMargulis@MargulisLaw.com

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
P: (847) 368-1500, F: (847) 368-1501
E-Mail: bwanca@andersonwanca.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the Defendants OPENSIDED MRI OF ST. LOUIS L.L.C., OPENSIDED MRI OF ST. LOUIS II LLC, PAUL EUGENE SCHWETZ, MATTHEW RUYLE at the same time as the petition.

/s/ Max G. Margulis

**20SL-CC06085**

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

# IN THE CIRCUIT COURT
## FOR THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

DOUGLAS PHILLIP BRUST, D.C., P.C. and ALAN
PRESSWOOD, D.C., P.C., individually and on behalf
of all others similarly-situated,

      Plaintiffs,

v.

OPENSIDED MRI OF ST. LOUIS L.L.C.,
OPENSIDED MRI OF ST. LOUIS II LLC,
PAUL EUGENE SCHWETZ, MATTHEW RUYLE
and JOHN DOES 1-10,

      Defendants.

Cause No. _____

Division

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
## OF THEIR MOTION FOR CLASS CERTIFICATION

NOW COMES Plaintiffs, pursuant to Rule 52.08 of the Missouri Supreme Court Rules, and submits this Memorandum of Law in Support of their Motion for Class Certification.

## INTRODUCTION

Recent developments in class action practice make necessary the filing of this motion with the petition. Defendants in class litigation have resorted to making individual settlement offers to named plaintiffs before a class action is certified in an attempt to "pick-off" the putative class representative and thereby derail the class action litigation. Most courts have rejected these pick-off attempts and have held that the filing of a motion for class certification with the initial petition or within a number of days after service of any settlement offer to a named plaintiff staves off offers of judgment to the named plaintiff. Any settlement offer made after the filing of the motion for class certification must be made on a class-wide basis. *See Alpern v. UtiliCorp United*, 84 F.3d 1525 (8th Cir. 1996); *March v. Medicredit*, 2013 WL 6265070 at *4 (E.D. Mo.

1

Dec. 4, 2013)("Putative class action plaintiffs would be wise to immediately file such motions to protect the class from similar motions to dismiss based on offers of judgment"); *Geismann v. Be-Thin, Inc.*, No. 4:15CV00615 ERW (E.D. Mo. May 11, 2015); *Lafollette v. Liberty Mut. Fire Ins. Co.*, 2015 No. 2:14CV04147 NKL (W.D. Mo. Jan. 9, 2015) (Order striking a defendant's Rule 68 offer of judgment to only the named plaintiff prior to class certification and denying the defendant's motion to dismiss the named plaintiff's claims as moot); *Prater v Medicredit*, 2014 WL 3973863, at *6-7 (E.D. Mo. Aug. 14, 2014) (citing *March*, 2013 WL 6265070, at *4); *Goans Acquisition, Inc. v. Merch. Solutions, LLC*, 12-00539-CV-S-JTM, 2013 WL 5408460 at *6 n.4 (W.D. Mo. Sept. 26, 2013) (quoting *Damasco v. Clearwater Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).  *E.g. Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), replaced with *Chapman v. First Index, Inc.*, 2015 WL 4652878, ---F.3d--- (7th Cir. 2015); *Hooks v. Landmark Industries, Inc.*, 797 F.3d 309 (U.S.  5th Crt Appeals 2015), *Weiss v. Regal Collections*, 385 F. 3d 337, 344 n.12 (3d Cir. 2004); *see Jancik v. Cavalry Portfolio Servs.*, 2007 WL 1994026, at *2–3 (D. Minn. July 3, 2007) *Harris v. Messerli & Kramer, P.A.*, 2008 WL 508923, at *2–3 (D. Minn. Jan. 2, 2008) (same); *Johnson v. U.S. Bank Nat'l Assn.*, 276 F.R.D. 330, 333-335 (D. Minn. 2011) (same). *See also Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011); *Mey v. Monitronics Int'l, Inc.*, 2012 WL 983766, at *4-5 (N.D. W.Va. Mar. 22, 2012); *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F.Supp.2d 1020, 1029 (N.D. Ohio 2010); *McDowall v. Cogan*, 216 F.R.D. 46, 48-50 (E.D. N.Y. 2003).  The issue is presently pending before the United States Supreme Court, *Gomez v. Campbell-Ewald Co.,* 768 F.3d 871 (9th Cir.2014), cert. Granted, ---U.S.---, 135 S.Ct 2311, 191 L.Ed.2d 977 (2015).

Plaintiff has served discovery but no responses have been filed.  Plaintiff has not been afforded the opportunity to develop a full factual record in this case. Plaintiff will supplement its

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

motion and brief in support of class certification after class wide discovery has been completed and as directed by a scheduling order entered by the court. Until then, Plaintiff cites to its Class Action Petition.

<div align="center">

**ARGUMENT**

</div>

I.      **Standards governing class certification.**

The Missouri Supreme Court has noted that class actions are "designed to promote judicial economy by permitting the litigation of the common questions of law and fact of numerous individuals in a single proceeding." *State ex rel. Union Planters Bank, N.A. v. Kendrick*, 142 S.W.3d 729, 735 (Mo.banc 2004).  "Class actions … permit the plaintiffs to pool claims which would be uneconomical to litigate individually.  [M]ost of the plaintiffs would have no realistic day in court if a class action were not available." *Phillips Petroleum v. Shutts*, 472 U.S. 797, 808-809 (1985).  Moreover, "[b]ecause class certification can be modified as the case progresses, courts should err in favor of, and not against, certifying a class." *Doyle v. Fluor Corp.*, 199 S.W.3d 784, 787-88 (Mo. App. 2006).

II.     **The weight of authority favors certification.**

Courts in Missouri have certified TCPA cases.  *See Fun Services of Kansas City, Inc. v. Parrish Love d/b/a Asphalt Wizards* Case No. 0816CV00064 (Cir. Ct. Jackson Cty, Mo. May 24, 2010), Interlocutory Appeal #WD72566 was denied by Missouri Court of Appeals on June 23, 2010, writ was filed by Defendant in the Missouri Supreme Court #SC91037 and was denied on August 31, 2010; *Clean Carton Co., Inc., et al. v. Prime TV, LLC, et al.* Case No 01AC-11582 2004 TCPA Rep. 1294 (Mo. Cir. July 13, 2004).   Judge Nixon certified a TCPA class and appellate review was denied.  *Missouri Information Solutions, Inc. v. KC Subs, Inc.*, Case No. 0516-CV17319, 2008 WL 5631046 (Cir. Ct. Jackson, Cty, Mo. Dec. 16, 2008), *petition for interlocutory appeal denied*, (Jan. 22, 2009 Mo. Ct. of Appeals, Western Dist., Class Action

<div align="center">3</div>

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

Division).  See also *Karen S. Little, LLC v. Drury Inns, Inc.*, 2010 WL 98002 (Mo. App. E.D. Jan. 12, 2010).

## III.    The proposed class.

Plaintiff proposes the following class definitions:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent by or on behalf of Defendants any telephone facsimile transmissions of material making known the commercial existence of, or making qualitative statements regarding any property, goods, or services (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants does not have an established business relationship or (5) which were sent an advertisement by fax which did not display a proper opt out notice.

The Court should certify the Class, so this controversy can be resolved in a single action, rather than through separate individual actions.

## IV.    The Court should certify the TCPA claims for classwide resolution.

In order to maintain a class action, Plaintiff must show (1) that the class is so numerous that joinder of all members is impracticable, (2) that there are questions of law or fact common to the class, (3) that the representative party's claims are typical to those of the class, (4) that the representative party will fairly and adequately protect the interests of the class, and (5) only one of three 52.08(b) elements, which are risks of inconsistent adjudications; the appropriateness of final injunctive or declaratory relief with respect to the class as a whole; and predominance of common questions of fact or law.  *See* Rule 52.08 of the Missouri Supreme Court Rules.  Each of the elements is satisfied here.

### A.    Numerosity.

Under Rule 52.08(a)(1), to bring a class action, the class must be "so numerous that joinder of all members is impracticable." Rule 52.08(a)(1). Plaintiff must show only that joinder is impracticable through some evidence or reasonable, good faith estimate of the number of

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

purported class members. *Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 167 (Mo. App. 2006). *See* Class Action Petition, ¶¶ 11-21, 37.a and Exhibits A1a through B14. Rule 52.08(a)(1)'s numerosity requirement is satisfied because individual joinder of those persons would be impracticable.

**B.   Commonality.**

While relief to the various members of a class need not be uniform, the requisite commonality of law or fact must be present. *Grosser, Inc*, 647 S.W.2d 911. This does not mean that all class members must be identically situated. *Renstcher v. Carnahan*, 160 F.R.D. 114, 116 (E.D. Mo. 1995). Further, factual differences are not fatal to maintenance of the class action if common questions of law or fact exist. Because a single issue common to all class members is all that is required, commonality is easily met in most cases. *Renstcher*, 160 F.R.D. at 116; *Crain v. Missouri State Employees Retirement System*, 613 S.W.2d 912 (Mo. App. 1981). *See* Class Action Petition, ¶¶ 37.b. i-x.

a.   Whether Defendants violated the TCPA by faxing advertisements without first obtaining express invitation or permission to do so;

b.   Whether Plaintiff and the other class members are entitled to statutory damages;

c.   Whether Defendants violated the TCPA by faxing advertisements without a compliant opt-out notice; and

d.   Whether Defendants' acts were "willful" or "knowing" under the TCPA and, if so, whether Plaintiff and the other class members are entitled to trebled damages.

**C.   Typicality.**

In order to meet the typicality requirement, a class representative must "be part of the class and possess the same interest and suffer the same injury as the class members." *Koger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 410 (Mo. App. 2000). The named plaintiff and the other

members of the class need only share an interest in prevailing on similar legal claims. *Phillips v. Hallmark Cards, Inc.*, 722 S.W.2d 86 (Mo. App. 1986). Here, typicality is inherent in the class definition. Each of the class members was subjected to the same conduct. Each member's claim is based on the same legal theory as Plaintiff's.

      **D.**     **Adequacy of representation.**

      Because a class action affects the rights of absent class members, Missouri Rule 52.08 (a)(4), like its federal counterpart, requires the trial court to determine whether the representative party will fairly and adequately represent the interests of the class. *Rule* 52.08(a)(4); *Kendrick*, 142 S.W.3d at 735. Adequacy of representation is a fact issue that must be determined under the circumstances of each case. *Craft v. Philip Morris Cos., Inc.*, 190 S.W.3d 368, 379 (Mo. App. 2005), citing *City of O'Fallon v. Bethman*, 569 S.W.2d 295, 299 (Mo. App. 1978).

      Here, Plaintiff and the other class members seek statutory damages under the TCPA. Plaintiff understands its obligations and the nature of the claims, is involved in the litigation, and is interested in representing the class and enforcing the TCPA. Further, Plaintiff's counsel are experienced TCPA class action lawyers and they are adequate counsel for the class. Plaintiff's counsel have been litigating TCPA claims for many years. They have prosecuted dozens of these cases to successful resolution. They have successfully litigated insurance coverage actions about TCPA claims as well. Plaintiff's counsel will continue to commit adequate resources (staffing and monetary) to ensure that the class is properly represented. *See* Class Action Petition, ¶ 38. Therefore, Rule 52.08 (a)(4)'s "adequacy" requirement is satisfied.

      **E.**     **Rule 52.08(b) requirements.**

      To maintain a class action in Missouri, plaintiff must prove only one of the three 52.08(b) elements. These elements are identical to those in Federal Rule 23, and involve the risks of inconsistent adjudications ((b)(1)); the appropriateness of final injunctive or declaratory relief

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

with respect to the class as a whole ((b)(2)); and predominance of common questions of fact or law ((b)(3)). Plaintiff seeks certification under (b)(1) and (b)(3). *See* Class Action Petition, ¶¶ 37-39.

Common fact issues predominate in this case because the class members' claims are focused on Defendant's fax advertising campaigns. Further, from the perspective of the court system and the class members, a class action is superior to individual actions because the maximum recovery for each class member is $1,500 and the TCPA does not allow for fee shifting. Certification of this case as a class action would further the purposes of Rule 52.08. *See* Class Action Petition, ¶¶ 37-39.

## CONCLUSION

All the class members were treated the same by the same course of conduct by Defendant.  The mandatory elements of Rule 52.08" are met.  *Missouri Information*, 2008 WL 5631046 at 15.

Here, the circumstances are nearly identical.  The proposed class meets the requirements of Rules 52.08.  Therefore, Plaintiffs request that the Court certify the class, appoint Plaintiff as the class representative, and appoint Plaintiff's attorneys as class counsel.

Respectfully submitted,

_____/s/ Max G. Margulis_____
Max G. Margulis, #24325
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P:  (636) 536-7022 – Residential
F:  (636) 536-6652 – Residential
E-Mail:  MaxMargulis@MargulisLaw.com
*Attorney for Plaintiffs*

Electronically Filed - St Louis County - December 16, 2020 - 02:44 PM

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
P: (847) 368-1500
F: (847) 368-1501
E-Mail: bwanca@andersonwanca.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing was served on the Defendants OPENSIDED MRI OF ST. LOUIS L.L.C., OPENSIDED MRI OF ST. LOUIS II LLC, PAUL EUGENE SCHWETZ, MATTHEW RUYLE at the same time as the petition.

/s/ Max G. Margulis



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DEAN PAUL WALDEMER | Case Number:  20SL-CC06085 | |
|---|---|---|
| Plaintiff/Petitioner:<br> DOUGLAS PHILLIP BRUST D C  P C<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br>OPENSIDED MRI OF ST LOUIS LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING | |
| Nature of Suit:<br>CC Injunction | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  OPENSIDED  MRI OF ST LOUIS LLC
<div align="center">Alias:</div>

DONALD J MEHAN JR REG AGENT
8015 FORSYTH BLVD
ST LOUIS, MO  63105



*COURT SEAL OF*

*ST. LOUIS COUNTY*

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
        SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>17-DEC-2020</u>
Date

_____ Clerk

Further Information:
AW

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                                      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed  and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
                                                    Date                                                Notary Public

### Sheriff's Fees, if applicable

| | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DEAN PAUL WALDEMER | Case Number:  20SL-CC06085 | |
|---|---|---|
| Plaintiff/Petitioner:<br> DOUGLAS PHILLIP BRUST D C  P C     vs. | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br>OPENSIDED MRI OF ST LOUIS LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING | |
| Nature of Suit:<br>CC Injunction | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  OPENSIDED MRI OF ST LOUIS II LLC
Alias:

BRAD D ZIMMERMAN  REG AGENT
120 S CENTRAL AVE STE 1800
ST LOUIS, MO  63105

*COURT SEAL OF*



*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
      SPECIAL NEEDS:   If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>17-DEC-2020</u>
Date

               Clerk

Further Information:
AW

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name)_____(title).

☐ other _____.

Served at _____(address)

in _____(County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
    Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed  and sworn to before me on _____ (date).

My commission expires: _____        _____
                             Date                            Notary Public

*(Seal)*

### Sheriff's Fees, if applicable

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DEAN PAUL WALDEMER | Case Number:  20SL-CC06085 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DOUGLAS PHILLIP BRUST D C  P C | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 | **SHERIFF FEE PAID** |
| vs. | | |
| Defendant/Respondent:<br>OPENSIDED MRI OF ST LOUIS LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING | |
| Nature of Suit:<br>CC Injunction | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  PAUL EUGENE  SCHWETZ

Alias:

28 N. WALLING DR.
ST. LOUIS, MO  63105



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>17-DEC-2020</u>
Date

_____ Clerk

Further Information:
AW

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed  and sworn to before me on _____ (date).

My commission expires: _____          _____
Date          Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DEAN PAUL WALDEMER | Case Number:  20SL-CC06085 | |
|---|---|---|
| Plaintiff/Petitioner:<br> DOUGLAS PHILLIP BRUST D C  P C<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br> OPENSIDED MRI OF ST LOUIS LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Injunction | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** MATTHEW  RUYLE

**Alias:**

**12101 OLIVE BLVD DR**
**ST LOUIS, MO  63105**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, e mail at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

17-DEC-2020
**Date**

_____
**Clerk**

**Further Information:**
AW

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent wit h _____a person of the Defendant's/Respondent's family over t he age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name)_____(title).

☐ other _____.

Served at _____ (address)

in _____(County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____              _____
Printed Name of Sheriff or Server                                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed  and sworn to before me on _____ (date).

My commission expires: _____          _____
                                              Date                                                Notary Public

---

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE  DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 20-SMCC-11222**     2     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,

54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3)  Early Neutral Evaluation ("ENE"):**  A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4)  Mini-Trial:**  A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5)  Summary Jury Trial:**  A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

*Return*                                                    3B
                                                           1/19/21

## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DEAN PAUL WALDEMER | Case Number: 20SL-CC06085 |
| Plaintiff/Petitioner:<br>DOUGLAS PHILLIP BRUST D C  P C | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 |
| vs. | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br>OPENSIDED MRI OF ST LOUIS LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Injunction | |

### Summons in Civil Case

**FILED**

The State of Missouri to: OPENSIDED MRI OF ST LOUIS LLC

JAN 0 4 2021

Alias:

**DONALD J MEHAN JR REG AGENT**
**8015 FORSYTH BLVD**
**ST LOUIS, MO 63105**



**JOAN M. GILMER**
**CIRCUIT CLERK, ST. LOUIS COUNTY**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

17-DEC-2020
Date

Further Information:
AW

_Joan G. Gilmer_
Clerk

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with h _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☑ other _____ MOVED FROM ADDRESS GIVEN N/EST

Served at _____ (address).

in _____ (County/City of St. Louis), MO, on 12/29/20 (date) at _____ (time).

**William Rinehart**
**Deputy Sheriff**
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                              Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 20-SMCC-11219**     1     (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo)     12/22/20

*Return*

*SB 1/16/21*

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DEAN PAUL WALDEMER | Case Number: 20SL-CC06085 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DOUGLAS PHILLIP BRUST D C P C<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br>OPENSIDED MRI OF ST LOUIS LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING | |
| Nature of Suit:<br>CC Injunction | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | FILED<br>(Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: OPENSIDED MRI OF ST LOUIS II LLC

Alias:

BRAD D ZIMMERMAN REG AGENT
120 S CENTRAL AVE STE 1800
ST LOUIS, MO 63105

JAN 04 2021

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

17-DEC-2020
Date

Joan G. Gilmer
Clerk

Further Information:
AW

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
Brad Zimmerman (name) RA (title).

☐ other _____

Served at _____ 120 S CENTRAL STE 1800 _____ (address)

in _____ STL _____ (County/City of St. Louis), MO, on 12/24/20 (date) at 9 (time).

William Rinehart
Printed Name of Sheriff or Server

Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $.___ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

DEC 22 2020

ST LOUIS COUNTY
SHERIFF'S OFFICE
2020 DEC 21

12/22

230 ...  ... *Return*



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DEAN PAUL WALDEMER | Case Number: 20SL-CC06085 |
| Plaintiff/Petitioner:<br>DOUGLAS PHILLIP BRUST D C P C<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 |
| Defendant/Respondent:<br>OPENSIDED MRI OF ST LOUIS LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE |
| Nature of Suit:<br>CC Injunction | CLAYTON, MO 63105 |

**SHERIFF FEE PAID**

**FILED**
(Date File Stamp)

## Summons in Civil Case

JAN 08 2021

The State of Missouri to: MATTHEW RUYLE

12101 OLIVE BLVD DR
ST LOUIS, MO 63105

Alias:
STEGJ

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

COURT SEAL OF

ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

17-DEC-2020
Date

_____
Clerk

Further Information:
AW

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)

☑ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name), _____ (title).

☐ other _____

Served at 12101 Olive Blvd (address)
in St Louis (County/City of St. Louis), MO, on 12/31/20 (date) at 0844 (time).

John Stegman                          John Stegman
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date                                              Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

DEC 22 2020

2020 DEC 21 PM ... ST LOUIS COUNTY SHERIFF'S OFFICE RECEIVED

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 20-SMCC-11222**   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140 and 506.150 RSM