UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS PHILLIP BRUST, D.C., P.C. and | ) | |
| ALAN PRESSWOOD, D.C., P.C., individually | ) | |
| and on behalf of all other similarly-situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 4:21-cv-00089 |
| | ) | |
| OPENSIDED MRI OF ST. LOUIS L.L.C., | ) | **JURY TRIAL DEMANDED** |
| OPENSIDED MRI OF ST. LOUIS II, LLC, | ) | |
| PAUL EUGENE SCHWETZ, MATTHEW RUYLE, | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' PETITION

COME NOW Defendants Opensided MRI of St. Louis, LLC, Opensided MRI of St. Louis II, LLC, and Matthew Ruyle ("Defendants"), by and through their attorneys, and for their Answer to Plaintiffs' Petition state as follows:

### PRELIMINARY STATEMENT

1.  Defendants state that the Petition speaks for itself and deny any allegations inconsistent therewith.

2.  Defendants state that Paragraph 2 contains legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3.  Defendants deny the allegations contained in Paragraph 3.

4.  Defendants state that the Petition speaks for itself and deny any allegations inconsistent therewith.

5.     Defendants deny that Plaintiffs are entitled to an award of statutory damages in this matter.

## JURISDICTION AND PARTIES

6.     Defendants state that Paragraph 6 contains legal conclusions to which no response is necessary.   To the extent a response is required, Defendants deny the allegations in Paragraph 6.

7.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 7, and therefore deny the same.

8.     Defendants lack sufficient information or knowledge to admit or deny the allegation contained in Paragraph 8, and therefore deny the same.

9.     Defendants admit the allegations contained in Paragraph 9.

10.     Defendants admit the allegations contained in Paragraph 10.

11.     Defendants lack sufficient information or knowledge to admit or deny the allegation contained in Paragraph 11, and therefore deny the same.

12.     Defendants admit the allegations contained in Paragraph 12.

13.     Defendants admit the allegations contained in Paragraph 13.

14.     Defendants state that Paul Eugene Schwetz is no longer the manager of Opensided MRI of St. Louis, L.LC.

15.     Defendants admit the allegations contained in Paragraph 15.

16.     Defendants state that the allegations contained Paragraph 16 are directed to a Defendant other than Defendants.   To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 16.

17.     Defendants deny the allegations contained in Paragraph 17.

18.     Defendants state that the allegations contained in Paragraph 18 are not directed to Defendants and therefore no response is required.   To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 18.

19.     Defendants deny the allegations contained in Paragraph 19.

20.     Defendants admit the allegations contained in Paragraph 20.

21.     Defendants lack sufficient information or knowledge to admit or deny the allegation contained in Paragraph 21, and therefore deny the same.

**RELEVANT FACTS**

22.     Defendants admit that Defendants sent facsimiles on or about April 7, 2020 to Plaintiff Douglas Phillip Brust, D.C., P.C in St. Louis County, Missouri. Answering further, Defendants state that Exhibit A speaks for itself and Defendants deny any allegations inconsistent therewith.

23.     Defendants admit that Defendants sent facsimiles on or about April 7, 2020, April 15, 2020, May 18, 2020, and June 1, 2020 to Plaintiff Alan Presswood, D.C., P.C. in Marion County, Illinois. Answering further, Defendants state that Exhibits B-E speak for themselves and Defendants deny any allegations inconsistent therewith.

24.     Defendants deny the allegations contained in Paragraph 24.

25.     Defendants deny the allegations contained in Paragraph 25.

26.     Defendants deny the allegations contained in Paragraph 26.

27.     Defendants are still investigating the allegations contained in Paragraph 27.

28.     Defendants deny the allegations contained in Paragraph 28.

29.     Defendants admit the allegations contained in Paragraph 29.

30.     Defendants deny the allegations contained in Paragraph 30.

31.     Defendants deny the allegations contained in Paragraph 31.

32.     Defendants state that Exhibits A-E speak for themselves and deny any allegations inconsistent therewith.

33.     Defendants state that Paragraph 33 contains legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 33.

34.     Defendants state that Paragraph 34 contains legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 34.

35.     Defendants state that Paragraph 35 contains legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 35.

36.     Defendants are still investigating the allegations contained in Paragraph 36.

37.     Defendants deny the allegations contained in Paragraph 37.

38.     Defendants lack sufficient information or knowledge to admit or deny the allegation contained in Paragraph 38, and therefore deny the same.

39.     Defendants state that Paragraph 39 contains legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations in Paragraph 39.

40.     Defendants deny the allegations contained in Paragraph 40.

41.     Defendants deny the allegations contained in Paragraph 41.

42.     Defendants deny the allegations contained in Paragraph 42.

43.     Defendants deny the allegations contained in Paragraph 43.

44.     Defendants deny the allegations contained in Paragraph 44.

45.     Defendants lack sufficient information or knowledge to admit or deny the allegation contained in Paragraph 45, and therefore deny the same.

46.     Defendants lack sufficient information or knowledge to admit or deny the allegation contained in Paragraph 46, and therefore deny the same.

### COUNT I
### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

47.     Defendants incorporate their answers to the preceding paragraphs as though fully set forth herein.

48.     Defendants state that the Petition speaks for itself and deny any allegations inconsistent therewith.

49.     Defendants state that Paragraph 49 contains legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 49.

50.     Defendants deny the allegations contained in Paragraph 50.

51.     Defendants state that Paragraph 51 contains legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations in Paragraph 51.

52.     Defendants state that Paragraph 52 contains legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations in Paragraph 52.

53.     Defendants state the TCPA speaks for itself and deny any statements inconsistent therewith.

54.     Defendants state the TCPA speaks for itself and deny any statements inconsistent therewith.

55.     Defendants state that Paragraph 55 contains legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations in Paragraph 55.

56.     Defendants state that Paragraph 56 contains legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations contained in Paragraph 57.

58.     Defendants deny that they caused damages to Plaintiffs and other alleged class members, violated their privacy, or interfered with Plaintiffs' fax machines or time.

59.     Defendants state that Paragraph 59 contains legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 59.

60.     Defendants deny the allegations contained in Paragraph 60.

61.     Defendants deny the allegations contained in Paragraph 61.

62.     Defendants deny the allegations contained in Paragraph 62.

63.     Defendants admit the allegations contained in Paragraph 63.

64.     Defendants deny the allegations contained in Paragraph 64.

65.     Defendants deny that Exhibits A-E and or other facsimile advertisements were not authorized.

66.     Defendants deny the allegations contained in Paragraph 66.

67.     Defendants deny the allegations contained in Paragraph 67.

68.     Defendants state that § (b)(1)(C)(iii) of the Act speaks for itself and Defendants deny any allegations inconsistent therewith.

69.     Defendants state that Paragraph 69 contains legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations in Paragraph 69.

WHEREFORE, Defendants Opensided MRI of St. Louis, LLC, Opensided MRI of St. Louis II, LLC, and Matthew Ruyle respectfully request this Court dismiss Count I of Plaintiffs' with prejudice and grant such further relief that the Court deems just and proper.

## COUNT II
### DECLARATORY RELIEF

70. – 72.  This Count was voluntarily dismissed by Plaintiffs such that no response is necessary.

## COUNT III
### CONVERSION

73.     Defendants incorporate their answers to the preceding paragraphs as though fully set forth herein.

74.     Defendants state that the Petition speaks for itself and deny any allegations inconsistent therewith.

75.     Defendants state that Paragraph 75 contains legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations in Paragraph 75.

76.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 76, and therefore deny the same.

77.     Defendants state that Paragraph 77 contains legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations in Paragraph 77.

78.     Defendants deny the allegations contained in Paragraph 78.

79.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 79, and therefore deny the same.

80.     Defendants deny the allegations contained in Paragraph 80.

81.     Defendants deny the allegations contained in Paragraph 81.

82.     Defendants deny the allegations contained in Paragraph 82.

83.     Defendants deny the allegations contained in Paragraph 83.

84.     Defendants deny the allegations contained in Paragraph 84.

WHEREFORE, Defendants Opensided MRI of St. Louis, LLC, Opensided MRI of St. Louis II, LLC, and Matthew Ruyle respectfully request this Court dismiss Count III of Plaintiffs' with prejudice and grant such further relief that the Court deems just and proper.

## COUNT IV
### MISSOURI CONSUMER FRAUD AND DECEPTIVE BUSINESS PROTECTION ACT, CHAPTER 407

85. – 93.  This Count was voluntarily dismissed by Plaintiffs such that no response is necessary.

## AFFIRMATIVE DEFENSES

1.     Defendants plead these defensive matters whether such pleading is necessary or not at the pre-certification phase of these proceedings, and such defensive matters may or may not apply equally to Plaintiffs and any potential member of the putative class alleged by Plaintiffs' Petition; the putative members of such class as alleged are, on information and belief, each uniquely situated, and Defendants expressly preserves and does not waive any and all arguments, rights, challenges and objections with respect to the certification of any class in this action.

2.     Defendants assert that Plaintiffs lack standing to bring its claims pursuant to Fed. R. Civ. P. 12(b)(1).

3.      Defendants assert that the Petition fails to state any cause of action upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

4.      Defendants assert that the claims asserted in the Petition are barred, in whole or in part, based on the doctrines of estoppel and waiver.

6.      Defendants assert that the claims asserted in the Petition are barred, in whole or in part, by the doctrine of ratification.

7.      Defendants assert that the claims asserted in the Petition are barred, in whole or in part, by the doctrines of unjust enrichment and quantum meruit.

8.      Without admitting any allegations of the Petition, Defendants assert, on information and belief, that Plaintiffs and/or a number of the alleged putative class members consented to or provided express invitation or permission to receive such information from Defendants.

9.      Defendants assert that any claim for punitive or exemplary damages is subject to the limitations and constraints of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

10.     The Petition seeks damages pursuant to the TCPA that violate the Excessive Fines Clause of the Eighth Amendment of the U.S. Constitution.  Plaintiffs allege that they received between one and three unsolicited facsimile advertisements from Defendants.  On average, the cost of paper and toner required to receive one facsimile is mere cents, if anything.  Plaintiffs seek fines up to $1,500 for the alleged receipt of each of the three alleged facsimile advertisements from Defendants, when Plaintiffs' actual damages, if any, would be far less than $1.00.  Individually, Plaintiffs' requested remedy violates the Excessive Fines Clause of the Eighth Amendment of the U.S. Constitution.  Further, Plaintiffs seeks to certify a class of

individuals or businesses allegedly similar to themselves, who allegedly received between once and three unsolicited facsimile advertisements.  Plaintiffs are seeking many thousands of dollars in fines, on a class-wide basis, for alleged conduct that could have resulted in only minute damages, if any, to each putative class member.  On a class-wide basis, Plaintiffs' requested remedy violates the Excessive Fines Clause of the Eighth Amendment.

11.   Defendants assert that the proposed class action fails to meet the requirements of Fed.R.Civ.P. 23.

12.   Defendants give notice that they intend to rely upon such other and further affirmative defenses and counterclaims as may become available or apparent and hereby reserves its right to amend its Answer, including to assert such defenses or claims, subject to any requisite leave of Court.

WHEREFORE, having fully responded to Plaintiffs' Petition, Defendants Opensided MRI of St. Louis, LLC, Opensided MRI of St. Louis II, LLC, and Matthew Ruyle pray that this Court dismiss the Petition with prejudice and such further relief this Court deems just and proper.

Respectfully submitted,

CARMODY MacDONALD P.C.

By:     /s/ Tina N. Babel
         Tina N. Babel, #58247MO
         Candace E. Johnson, #70152MO
         120 South Central Avenue, Suite 1800
         St. Louis, Missouri 63105
         (314) 854-8600  Telephone
         (314) 854-8660  Facsimile
         tnb@carmodymacdonald.com
         cej@carmodymacdonald.com

Attorneys for Defendants Opensided MRI of
St. Louis, LLC, Opensided MRI of St. Louis II,
LLC, and Matthew Ruyle

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 26, 2021, a true and correct copy of this document was filed with the Court's CM-ECF system which will send notification of such filing to all counsel of record:

Max Margulis                                    Brian J. Wanca / Ross M. Good
Margulis Law Group                              Anderson + Wanca
28 Old Belle Monte Road                         3701 Algonquin Road, Suite 500
Chesterfield, Missouri 63017                    Rolling Meadows, Illinois 60008
maxmargulis@marguislaw.com                      bwanca@andersonwanca.com
                                                rgood@answersonwanca.com

                                   /s/ Tina N. Babel