**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DOUGLAS PHILLIP BRUST, D.C., P.C. and ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly-situated, ) ) ) | Cause No. 4:21-cv-00089 SEP |
| Plaintiffs, ) ) | |
| v. ) ) | |
| OPENSIDED MRI OF ST. LOUIS L.L.C., ) ) | |
| Defendant. ) | |

**MOTION AND MEMORANDUM OF LAW
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND NOTICE TO THE CLASS**

Plaintiffs, Douglas Phillip Brust, D.C., P.C. and Alan Presswood, D.C., P.C., (collectively, "Plaintiffs") individually and on behalf of all others similarly-situated ("Plaintiffs"), respectfully request that the Court enter an order preliminarily approving settlement and certifying the proposed settlement class (the "Preliminary Approval Order"). The Preliminary Approval Order is attached as Exhibit A and the Settlement Agreement as Exhibit B. The Preliminary Approval Order provides, among other things, for distribution of the Notice of Class Action Settlement with Attached Claim Form (the "Notice"), attached as Exhibit 2 to the Settlement Agreement, and sets dates for distribution of the Notice, opt-outs, objections, return of claim forms, and a hearing for final approval.

**Introduction**

Following nearly two years of vigorously contested litigation and this Court's certification of a contested Class, and as a result of a mediation with the Hon. Michael Reagan and weeks of ongoing negotiations, which also involved a review of Defendant's confidential tax

returns and other financial information, the parties agreed to resolve Plaintiffs' claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. In short, Defendants Opensided MRI of St. Louis L.L.C. and Opensided MRI of St. Louis II LLC, (collectively, "Defendants") will create an all-cash common fund in the amount of $870,650.00, from which participating Settlement Class Members will receive cash payments (the "Settlement"). Plaintiffs and their counsel firmly believe the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class members. Accordingly, Plaintiffs respectfully request that this Court enter an order preliminarily approving the Settlement of the March 31, 2023 Certified Class. Defendants do not oppose this relief.

### Summary of the Settlement

The Settlement resolves this matter on behalf of the following certified class ("Settlement Class") certified by this Court on March 31, 2023:

> **Class A**—All persons or entities who were successfully sent faxes, on or about April 7, 2020, April 15, 2020, April 21, 2020, May 18, 2020, and June 1, 2020, that state: "Greater Missouri Imaging, We are scheduling Monday-Friday for emergent and non-emergent MRIs, CTs and injections," and/or "At Greater Missouri Imaging we are always striving to provide the best diagnostic imaging services in the St. Louis are [sic]."

(the "Settlement Class"). To compensate Settlement Class members, Defendants will create an all-cash common fund in the amount of $870,650.00 ("Settlement Fund"). Payments from the Settlement Fund will include the following: (i) compensation to participating Settlement Class Members; (ii) the cost of notice to potential Settlement Class Members and other claims administration costs; (iii) litigation costs and expenses, for which Plaintiff's counsel will petition this Court; (iv) reasonable attorneys' fees, calculated as a percentage of the Settlement Fund, for which Plaintiff's counsel will petition this Court; and (v) and an incentive award to each Plaintiff, for which they will petition this Court (collectively, "Expenses"), and which is more fully described

2

in the parties' Settlement.

Each Settlement Class member who submits a valid, approved claim will be entitled to a payment of $550.00 from the Settlement Fund. In the event that the number of valid claims submitted multiplied by $550.00 exceeds the total value of the Settlement Fund less attorneys' fees, Plaintiff's incentive award and expenses (the "Net Settlement Fund"), class members submitting valid claims will receive a *pro rata* share of the Net Settlement Fund. Settlement Class members will be afforded the opportunity to exclude themselves from the Settlement should they choose to do so. Settlement Class members may also bring any objections to this Court's attention.

Upon this Court's entry of a final judgment, Plaintiffs and each non-excluded Settlement Class Member will release certain claims they have relating to Defendants.

## I.     The Settlement is fair, reasonable, and adequate under Rule 23(e).

Rule 23(e) requires that a court preliminarily evaluate the fairness of a class action settlement:

> Review of a proposed class action settlement generally involves two hearings. First, counsel submit the proposed terms of settlement and the judge makes a preliminary fairness evaluation. In some cases, this initial evaluation can be made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by the parties. If the case is presented for both class certification and settlement approval, the certification hearing and preliminary fairness evaluation can usually be combined. . . . The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.

Manual For Complex Litigation § 21.632 (4th ed. 2004); *see also* 4 Alba Conte & Herbert B. Newberg, Newberg On Class Actions, § 11.25 (4th ed. 2002).

After the court makes a preliminary fairness evaluation, and notice has been issued, the court must then hold a final fairness hearing to determine whether the proposed settlement is fair, reasonable, and adequate. *See* Manual For Complex Litigation § 21.633-34; Newberg, § 11.25.

3

As an initial matter, "the settlement enjoys a presumption of fairness." *Hashw v. Dept. Stores Nat'l. Bank*, 182 F. Supp. 3d 935, 943 (D. Minn. 2016) (citing *In re Uponor, Inc. F1807 Plumbing Fittings Prods. Liab. Litig.*, 716 F.3d 1057, 1063 (8th Cir. 2013)). "This is especially true [here] because the settlement was reached only after substantial discovery had taken place and through mediation with a third-party neutral" and weeks of continuing negotiations. *Id*.

The Eighth Circuit identified four factors for consideration in analyzing the fairness, reasonableness, and adequacy of a class action settlement under Rule 23(e): (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005); *Van Horn v. Trickey*, 840 F.2d 604, 606 (8th Cir. 1988). In making its preliminary fairness assessment, the court may also consider "procedural fairness to ensure the settlement is not the product of fraud or collusion," the "experience and opinion of counsel on both sides"—including whether the "settlement resulted from arm's length negotiations, and whether a skilled mediator was involved"—and also "the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits." *Bredthauer v. Lundstrom*, Nos. 10-3132, 10-3139, 10-326, 2012 WL 4904422, at *3 (D.Neb. Oct. 12, 2012). In addition, Rule 23(e) mandates consideration of several other factors, including that the class representatives and class counsel have adequately represented settlement class members, and that the settlement treats class members equitably relative to each other. Fed. R. Civ. P. 23(e).

Here, each relevant factor supports that the Settlement is fundamentally fair, reasonable, and adequate. And in applying these factors, this Court should be guided by the "long-standing

4

policy favoring settlements of civil actions in federal courts." *In re Charter*, 2005 WL 4045741, at *4 ("this policy is especially applicable to class action litigation"); *accord In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, No. 03-015, 2004 WL 3671053, at *11 (W.D. Mo. Apr. 20, 2004) ("It is the surety of settlement that makes it a favored policy in dispute resolution as compared to unknown dangers and unforeseen hazards of litigation.").

### A.  The parties fairly and honestly negotiated the Settlement.

"A settlement reached after a supervised mediation receives a presumption of reasonableness and the absence of collusion." *Montgomery v. Cont'l Intermodal Grp.-Trucking LLC*, No. 19-940 GJF, 2021 WL 1339305, at *5 (D.N.M. Apr. 9, 2021) (citing 2 Mclaughlin Class Actions § 6:7 (8th ed. 2011)); *Sandoval v. Tharaldson Emp. Mgmt., Inc.*, No. EDCV 08- 482-VAP(OP), 2010 WL 2486346, at *6 (C.D. Cal. June 15, 2010) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."); *Milliron v. T-Mobile USA, Inc.*, No. CIV.A. 08-4149 (JLL), 2009 WL 3345762, at *5 (D.N.J. Sept.10, 2009), *as amended* (Sept. 14, 2009), *aff'd,* 423 F. App'x 131 (3d Cir. 2011) ("[T]he participation of an independent mediator in settlement negotiation virtually insures that the negotiations were conducted at arm's length and without collusion between the parties.").

Here, the parties reached an agreement to resolve this matter only after mediating with Hon. Michael Reagan (Ret.) and months of additional arms-length negotiations. Noteworthy, Judge Reagan served as a United States District Judge for the Southern District of Illinois. During his time on the bench, Judge Reagan managed over 5,000 civil cases and settled cases at more than $2 billion. He is now a highly respected and sought-after mediator with considerable experience with TCPA class actions. Accordingly, the Settlement is not the product of collusion, but rather the result of fair, honest, arm's-length negotiations beginning with an experienced mediator and

5

continuing with negotiation discussions for months after the mediation, following Judge Reagan's guidelines concerning reaching a settlement.

> **B. The merits of the case, balanced against the amount recovered through the Settlement, supports preliminary approval.**

"The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement." *In re Wireless*, 396 F.3d at 933. Here, the parties vehemently disagree about the merits. On March 31, 2023 this Court certified the Class over Defendants' opposition. Defendants petitioned for permission to appeal the class certification order, which was denied. Plaintiffs thereafter filed their motion for an order approving notice of pendency, which has been fully briefed and remains pending before the Court. Given these considerations, preliminary approval of the settlement is appropriate.

In evaluating the fairness of the consideration offered in settlement, it is not the role of the court to second-guess the negotiated resolution of the parties. The Eighth Circuit has noted: "We have recognized that a class action settlement is a private contract negotiated between the parties. Rule 23(e) requires the court to intrude on that private consensual agreement merely to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned." *In re Wireless*, 396 F.3d at 934. That is, the issue is not whether the Settlement could have been "better," but whether it is fair: "Settlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

6

Here, the Settlement provides substantial cash relief to participating Settlement Class Members. The Settlement Fund will pay up to $550.00 to each of the 1,583 unique fax numbers that received one or more faxes who submit a valid claim form – and amounts to over $870,000.00 given that approximately 1,583 telephone numbers comprise the universe of potential Settlement Class members, *see* Settlement.

The TCPA gives private citizens a right to sue to (i) enjoin future transmissions, (ii) recover the greater of actual monetary damages or $500.00 in damages for each advertising fax, or (iii) obtain an injunction plus damages. Here, each Settlement Class member who submits a valid claim will be mailed a check for up to $550.00, and Defendants have agreed to pay the attorneys' fees and expenses of class counsel for conferring that benefit upon each Settlement Class member.

Plaintiffs' attorneys believe this settlement is fair, reasonable, and adequate. Plaintiffs' attorneys have litigated hundreds of TCPA class actions since 2003. Courts have appointed them class counsel in numerous TCPA cases. *See, e.g., American Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, Case No. 09-cv- 1162 (W.D. Mich.), *affirmed by* 757 F.3d 540 (6th Cir. 2014); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich.); *Imhoff Investments, LLC v. Sammichaels, Inc.* Case No. 10-CV- 10996 (E.D. Mich.). *See also Hawk Valley v. Taylor*, Case No. 10-CV-804 (E.D. Pa.); *Hinman v. M&M Rental, Inc.*, Case No. 06-CV-1156 (N.D. Ill.); *The Savanna Group, Inc. v. Trynex, Inc.*, Case No. 10-CV-7995 (N.D. Ill.); *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, Case No. 10-CV- 331 (E.D. Wis.); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 08-CV-5953 (N.D. Ill.); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 09-CV-1399 (N.D. Ill.). *Lindsay Transmission, LLC v. Office Depot, Inc.*, Case No. 4:12-cv-00221-CEJ (E.D. Mo.) In all of these cases, claimants were paid $500.00 each.

Based upon the foregoing, and the judgment of experienced class counsel, Plaintiffs request that the Court preliminarily approve the settlement.

Moreover, the Settlement provides Settlement Class members with real monetary relief, despite the purely statutory damages at issue—damages that courts have deemed too small to incentivize individual actions. *See, e.g.*, *Palm Beach Golf Center-Boca, Inc. v. Sarris*, 311 F.R.D. 688, 699 (S.D. Fla. 2015) (noting that the small potential recovery in individual TCPA actions reduced the likelihood that class members will bring suit); *St. Louis Heart Cntr. v. Vein Cntrs. for Excellence*, 2013 WL 6498245, at *11 (E.D. Mo. Dec. 11, 2013) (explaining that because the statutory damages available to each individual class member are small, it is unlikely that class members have an interest in individually controlling the prosecution of separate actions). Therefore, because of the Settlement, participating Settlement Class members will receive money they otherwise would have not likely pursued on their own.

### C. The complexity and expense of future litigation supports preliminary approval.

The Settlement constitutes an objectively favorable result for Settlement Class members and outweighs the mere possibility of future relief after protracted and expensive litigation. *See Jenkins v. Trustmark Nat'l Bank*, 300 F.R.D. 291, 303 (S.D. Miss. 2014) ("Although this Action was actively litigated for over two years, recovery by any means other than settlement would require additional years of litigation.").

Defendants opposed Plaintiffs' proposed class notice. Plaintiffs would have had to win a contested summary judgment and, if unsuccessful, a trial on the merits and then withstand an appeal by Defendants. This would have taken years with no guarantee of any award to the Class.

8

By agreeing to settle now, the parties avoid expensive, protracted future litigation. This factor supports preliminary approval. *See Keil v. Lopez*, 862 F.3d 685, 698 (8th Cir. 2017) (noting that the "complexity and expense of future litigation" weighed in favor of settlement approval).

### D.   The unopposed nature of Plaintiff's request favors preliminary approval of the Settlement.

The lack of opposition to the Settlement (at this time) favors preliminary approval. *See Van Horn*, 840 F.2d at 606. While Plaintiff's motion for preliminary approval is unopposed, Settlement Class members will be provided with an opportunity to lodge any objections in response to class notice. This factor therefore could play a more important role in connection with final approval, depending on whether, and if so, how many, Settlement Class members object.[1]

### E.   The remaining Rule 23(c)(2) factors support preliminary approval.

Consideration of the factors set forth in Rule 23(e) likewise supports preliminary approval. More specifically, Rule 23(e)(2) requires courts to consider whether (A) the class representative and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be

---

[1] The last *Van Horn* factor—Defendant's financial position—likewise favors preliminary approval. First, there is no indication here that Defendant's financial condition would prevent it from satisfying the negotiated settlement fund. *In re Wireless*, 396 F.3d at 933; *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1152 (8th Cir. 1999) (confirming "defendant's ability to pay" in affirming reasonableness of class settlement). But the lack of applicable insurance coverage limits future potential recovery, further favoring the settlement reached here. Plaintiffs' attorneys reviewed Defendants' tax returns and other financial information and recognized Defendants' limited ability to fund a class settlement. The Defendants' limited financial ability which supports this Settlement Fund can be reviewed by the court in an in-camera inspection of Defendants' financials if this Court so desires.

9

identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

Several of these factors—such as that the proposal was negotiated at arm's length and that the relief provided to the Settlement Class is adequate—are subsumed within the above discussion of the *Van Horn* factors, and Plaintiffs do not address them again here.

With respect to Plaintiffs and their counsel, Plaintiffs were, throughout this matter, committed to acting in the best interests of Settlement Class members. They stayed updated on the case and spoke with their counsel about it regularly. They produced documents, responded to discovery requests, and were consulted during mediation. And they remained prepared to, and did, make all necessary decisions required of them in the best interests of certified Settlement Class members.

Similarly, Plaintiffs' counsel, who are experienced in complex litigation and have served as class counsel on numerous occasions, zealously litigated on behalf of Plaintiffs and the Settlement Class members against sophisticated and experienced defense counsel. And having done so, Plaintiffs and their counsel obtained a meaningful recovery for Settlement Class members.

Rule 23(e)(2)(D) also requires a court to confirm that a class action settlement treats all class members equitably. The Advisory Committee's Note to Fed. R. Civ. P. 23(e)(2)(D) advises that courts should consider "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." The Settlement here treats all class members equitably by providing each class member with an equal payment of up to $550 upon submission of a valid claim form.

**F.  At final approval, Class Counsel will ask the Court to approve Defendants' agreement to pay Class Counsel fees, expenses, and an incentive award to Plaintiffs.**

At final approval, class counsel will request that the Court approve Defendants' agreement to pay attorney's fees equal to one-third of the Settlement Fund.

It is well recognized that the attorneys' contingent risk is an important factor in determining the fee award. *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974); *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 565 (7th Cir. 1994). It is well-settled that the attorneys who create a benefit for class members are entitled to compensation for their services. *Brent v. Midland Funding,* 2011 WL 3862363 at *19 (N.D. Ohio Sept. 1, 2011).

Here, class counsel's request for one-third of the settlement fund is within the market rate for TCPA cases. *See, e.g., Vandenberg & Sons Furniture v. Alliance Funding Group,* (W.D. Mich. April 27, 2022) (Doc. 175) (awarding one third of fund); *Shaun Fauley v. Drug Depot,* 1:15-cv-10735 (N.D. Ill. April 1, 2020) (Doc. 222) (same); *Shaun Fauley v. Heska Corporation,* 1:15-cv-02171 (N.D. Ill. Feb. 28, 2019) (Doc. 159) (same); *Imhoff Investment, LLC v. Sammichaels, Inc.*, Case No. 10-cv-10996 (E.D. Mich. Nov. 2, 2016) (Doc. 120) (same); *American Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, Case No. 09-cv- 1162 (W.D. Mich. Mar. 1, 2016) (Doc. 278) (same); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, Case No. 12-cv-2257 (N.D. Ohio Feb. 9, 2016) (Doc. 73) (same); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV- 10010 (E.D. Mich. Apr. 15, 2015) (Doc. 90) (same); *Sandusky Wellness Center, LLC v. Heel, Inc.*, 12-cv-1470 (N.D. Ohio Apr. 25, 2014) (Doc. 95) (same); *The Savanna Group, Inc. v. Trynex, Inc.*, Case No. 10-CV- 7995 (N.D. Ill. Mar. 4, 2014) (Doc. 243) (same); *Sawyer v. Atlas Heating and Sheet Metal Works, Inc.*, Case No. 10-cv-331 (E.D. Wis. July 19, 2013) (Doc. 59) (35% of fund);; *Avio Inc. v. Creative Office Solutions, Inc.*, 10-cv-10622 (E.D. Mich. Dec. 10, 2012) (Doc. 31) (same);; *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 08 C 5953 (N.D. Ill. Nov. 1, 2010) (Doc. 146) (same).

Defendants have agreed to pay Class Counsel one-third of the Settlement Fund as attorney's fees, plus its reasonable litigation expenses and settlement administration costs (which totals $43,140.00). Class counsel undertook this case on a contingency basis and achieved an excellent result that was years in the making in a fair and efficient manner.

Class counsel resolved this case through unique capabilities and knowledge derived from their years of experience in these types of cases. Class counsel have been litigating TCPA class actions since 2003 and this case for over two (2) years.

Obviously, the purpose of a class action lawsuit is to provide a benefit to class members, not to litigate for the sake of litigating. Class counsel delivered significant benefits to the Settlement Class in the face of numerous potentially fatal obstacles. Tested by the potential infirmities of the case itself, there is little doubt that class counsel undertook a significant risk here and the fee award should reflect that risk. Class counsel faced a significant risk of nonpayment, not only for their time but also for their out-of-pocket costs.

The Class Notice informs the Settlement Class about the agreed and requested attorneys' fees and expenses, so that if any class member wishes to object, the class member will have that opportunity.

If the Court finds that the settlement is fair, reasonable, and adequate, then class counsel will ask the Court to approve the payment of fees to class counsel in an amount equal to one-third of the Settlement Fund.

At final approval, class counsel will also request that the Court approve Defendant's payment to Plaintiffs in the amount of $5,000.00 each from the Settlement Fund for serving as the class representatives.

Such awards are appropriate to reward class representatives who have pursued claims on behalf of the class. *Moulton v. U. S. Steel Corp.,* 581 F. 3d 344, 351-52 (6th Cir. 2009); *In re Continental Illinois Securities Litig.*, 962 F.2d 566, 571-72 (7th Cir. 1992). "In deciding whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *See Cook v. Niedert, et al.*, 142 F.3d 1004, 1016 (7th Cir. 1998).

Plaintiffs were a catalyst for the Settlement Class's recovery. Plaintiffs filed and pursued the action. Plaintiffs responded to discovery and stayed involved and informed. Their efforts greatly benefited the certified Settlement Class. Class counsel will request that the Court award Plaintiffs a payment of $5,000.00 each for their efforts on behalf of the class. Other judges have approved much larger awards in TCPA cases. *See, e.g., Imhoff Investment, LLC v. Sammichaels, Inc.*, Case No. 10-cv-10996 (E.D. Mich. Nov. 2, 2016) (Doc. 120) ($15,000.00); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, Case No. 12-cv-2257 (N.D. Ohio Feb. 9, 2016) (Doc. 73) (same); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich. Apr. 15, 2015) (Doc. 90) (same); *Sandusky Wellness Center, LLC v. Heel, Inc.*, 12-cv-1470 (N.D. Ohio Apr. 25, 2014) (Doc. 95) (same).

G.     **The Court should approve the Class Notice.**

The parties propose to issue notice to the Settlement Class by facsimile, and by U.S. Mail to class members to whom facsimile notice is unsuccessful after three attempts. Additionally, the Notice and Address Verification form shall be made available on the Settlement Administrator's website. A copy of the proposed notice is attached as Exhibit 2 to the Settlement Agreement.

13

Under federal law, notice of the settlement must satisfy due process. *Maher v. Zapata Corp.*, 714 F. 2d 436, 450-453 (5th Cir. 1983); *Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F. 2d 956, 963 (3d Cir. 1983). The Court is vested with wide discretion both as to the way notice is given and its content. 7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005).

Rule 23(e)(i)(B) requires that notice of a settlement be provided "in a reasonable manner." Here, the parties have agreed to a reasonable manner of notice by sending it to the fax numbers at issue in the case, and, where a fax notice fails, to the names and addresses the Settlement Administrator has identified through reverse lookup and NCOA/address validation systems.

The contents of the notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." *See,* FRCP23(c)(2)(B). Here, the notice satisfies these requirements.

The notice meets the legal standards for appropriate notice and satisfies Rule 23 (e). Therefore, the Court should approve the proposed notice and authorize its dissemination to the Class.

### H.     The Court should schedule a final fairness hearing.

Plaintiffs request that the Court schedule a hearing to determine whether the settlement should be finally approved. A proposed Final Approval Order and Judgment is attached as Exhibit 3 to the Settlement Agreement.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a Preliminary Approval Order in the form attached as Exhibit A (and as Exhibit 1 to the Agreement), granting preliminary approval of the proposed settlement, directing that the members of the Settlement Class be notified about the proposed settlement in the form and manner agreed by the parties, and setting dates for opt-outs, objections, and a final approval hearing. The final approval hearing should be on a date no sooner than 100 days after the government officials receive the notice required by CAFA and after the close of the period for submission of claim forms by the class members.

Respectfully submitted,

*/s/ Max G. Margulis*
Max G. Margulis 24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022 - Residential
F: (636) 536-6652 - Residential
maxmargulis@margulislaw.com

Wallace C. Solberg,
#6192543IL, *admitted Pro Hac Vice*
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone 847-368-1500
wsolberg@andersonwanca.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th of March, 2024 a true and correct copy of the foregoing was electronically filed by the undersigned counsel and as a result thereof was served by the Court's ECF/CM system upon all parties of record.

*/s/ Max G. Margulis*