# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into on the date of execution between Douglas Phillip Brust, D.C. P.C., and Alan Presswood, D.C., P.C., ("Plaintiffs"), on behalf of themselves and a certified class of similarly-situated persons (as certified by court order on 03/31/23 and defined below as the "Settlement Class") and Opensided MRI of St. Louis L.L.C., Opensided MRI of St. Louis II LLC, and Matthew Ruyle ("Defendants"). The parties to this Agreement are collectively referred to as the "Parties."

**WHEREAS**, on behalf of themselves and a putative class of similarly-situated persons, Plaintiffs filed a civil action against Defendants that was originally filed in Circuit Court of the City of St. Louis, State of Missouri and removed to federal court by the Defendants and now titled *Douglas Phillip Brust, D.C. P.C., and Alan Presswood, D.C., P.C., v. Opensided MRI of St. Louis L.L.C., Opensided MRI of St. Louis II LLC, and Matthew Ruyle,* No. 4:21-cv-00089 SEP (USDC, E.D., MO.), (the "Litigation"); and

**WHEREAS,** the Parties agree to dismiss Defendant Matthew Ruyle as a defendant in this Litigation, without prejudice, upon the Court granting preliminary approval of the class settlement; and

**WHEREAS**, Plaintiffs' Class Action Petition alleges that Defendants violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(b)(1)(C), along with related regulations from the Federal Communications Commission, invaded the recipient's privacy, prevented the use of outgoing faxes, and caused wear and tear of the recipients' fax machines causing property damage and loss of use of the fax machines, among other claims, by faxing advertisements without the recipients' prior express invitation or permission; and

WHEREAS, Defendants denied the allegations set forth in Plaintiffs' Class Action Petition and set forth various affirmative defenses; and

{20947/00000/4032633.DOCX.}

>**WHEREAS**, the federal court certified the following class on March 31, 2023:
>
>> Class A—All persons or entities who were successfully sent faxes, on or about April 7, 2020, April 15, 2020, April 21, 2020, May 18, 2020, and June 1, 2020, that state: "Greater Missouri Imaging, We are scheduling Monday-Friday for emergent and non-emergent MRIs, CTs and injections," and/or "At Greater Missouri Imaging we are always striving to provide the best diagnostic imaging services in the St. Louis are [sic]."

(*See* Dkt. No. 61.); and

**WHEREAS**, without admitting or conceding fault or liability or the validity of Plaintiffs' claims, points of law or points of fact, or that Plaintiffs or any class member of the Settlement Class is entitled to any relief as a result of Defendants' conduct, the Parties have agreed to settle all disputes regarding Defendants' faxes to the Settlement Class; and

**WHEREAS**, Plaintiffs have determined that the Settlement Class includes the owners of 1,583 unique fax numbers that were successfully sent approximately 7,522 alleged advertising faxes by Defendants between April 7, 2020, and June 1, 2020; and

**WHEREAS**, Class Counsel (identified below) have concluded that the terms and conditions of the Agreement provided herein are fair, reasonable, and adequate, and in the best interests of the Settlement Class as a means of resolving all disputes between and among the Parties;

**WHEREAS,** the Settlement reduced to writing in this Agreement was negotiated among the Parties in good faith and at arm's length after extensive written and oral discovery, contested class certification briefing, and a review of Defendants' financials to determine their inability to fund a larger amount; and

**WHEREAS**, the Parties stipulate and agree that the claims of the Settlement Class should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions:

1. <u>Recitals</u>. The above-described recitals are incorporated herein and made a part hereof.

2. <u>For Settlement Purposes Only and No Admission of Wrongdoing</u>. This Agreement is entered into for purposes of resolving all disputes between Defendants and the owners of the 1,583 unique fax numbers. Assertions, statements, and representations herein are for settlement purposes only. If the Court does not finally approve this Agreement, then the Parties expressly agree that this Agreement is null and void and may not be used by either party for any reason. The Defendants deny any and all allegations in the Litigation and deny all wrongdoing. This Agreement is not a concession or admission and shall not be used as an admission or indication with any respect to any claim of any fault, concession, or omission against any of the parties released in paragraph 16 regardless of whether the Settlement is finally approved. This Agreement shall not constitute evidence of the propriety of class certification for the purpose of the Litigation or any other case regardless of whether the Settlement is finally approved.  The Parties agree that nothing herein shall be deemed an admission of wrongdoing by the Defendants for any reason.

3. <u>Certification of the Settlement Class</u>. The Settlement Class is the class certified by the Court in its certification order of March 31, 2023: All persons or entities who were successfully sent faxes, on or about April 7, 2020, April 15, 2020, April 21, 2020, May 18, 2020, and June 1, 2020, that state: "Greater Missouri Imaging, We are scheduling Monday-Friday for emergent and non-emergent MRIs, CTs and injections," and/or "At Greater Missouri Imaging we are always striving to provide the best diagnostic imaging services in the St. Louis are [sic]." Excluded from the Settlement Class are Defendants, any parent, subsidiary, affiliate, or controlled

person of Defendants, as well as the members, managers, agents, servants or employees of Defendants and the immediate family members of such persons, and the Court and its officers.

4. Representation of the Settlement Class. In its March 31, 2023 Order, the Court appointed the Plaintiffs as the "Class Representatives" and the law firms of Margulis Law Group and Anderson + Wanca as "Class Counsel."

5. Preliminary Approval and Class Notice. Plaintiffs will move the Court for the entry of an order preliminarily approving this Settlement Agreement. A proposed "Order Preliminarily Approving Class Action Settlement and Approving Class Notice" (the "Preliminary Approval Order"), is attached as Exhibit 1. Additionally, Plaintiff will request that the Court approve a Notice of Class Action Settlement substantially in the form attached hereto as Exhibit 2 (the "Notice"), and request the Court permit the transmission of the Notice to the Class by facsimile transmission and via U.S. mail by postcard notice where transmission by facsimile is unsuccessful after three (3) attempts. A website will be set up by the Claims Administrator for Class members to access the Settlement documents.

6. CAFA Notices. Within ten (10) days of filing this Settlement Agreement with the Clerk of the Court as part of the Motion for Preliminary Approval, the Claims Administrator (defined below) will cause the notice of proposed settlement required by the Class Action Fairness Act, 28 U.S.C. § 1715(b), to be issued to the appropriate Federal officials and appropriate State officials as provided for in that statute. Pursuant to 28 U.S.C. § 1715(d), the Parties will seek to schedule the Final Approval Hearing so that the Final Approval and Judgment is entered more than 100 days after this notice of proposed settlement is provided.

7. <u>The Settlement Fund</u>. Defendants Opensided MRI of St. Louis L.L.C and Opensided MRI of St. Louis II LLC have agreed to set up a common fund in the amount of up to $870,650.00 (the "Settlement Fund") available to settle this case. They are not required to place all or any portion of the Settlement Fund into a separate bank account. They will not relinquish control of any money until payments are due. They shall retain any portion of the Settlement Fund that is not paid for approved claims of class members, to the Class Representatives, or to Class Counsel. The Defendants shall not be responsible for any payment or obligation other than those specified in this Agreement, and in no event will be required to pay more than the amount of the Settlement Fund in connection with the settlement of the Litigation.

8. <u>Notice</u>. Within 14 days after preliminary approval of the settlement by the Court, notice of the settlement will be issued to the Settlement Class members identified in the records supplied to the Claims Administrator. The Parties will request that the Court approve a "Notice of Class Action and Proposed Settlement with Attached Claim Form" in the form attached hereto as <u>Exhibit 2</u>, and request approval to send it via facsimile and, if unsuccessful after three attempts, by postcard via U.S. mail. The Claims Administrator will undertake a National Change of Address search prior to mailing the class notice.

9. <u>Objections and Opt-Outs:</u> Any Settlement Class member may object to this Settlement Agreement and ask the Court to deny approval. Any written objection and supporting papers must be filed with the Clerk of the Court on or before the date specified in the Preliminary Approval Order and must include the person's or entity's name, fax number, street address, all attorneys who assisted in the

preparation and filing of the objection, a list of all other class actions in which that person or entity or counsel have filed objections to settlements, and a statement of the reason why the Court should find that the settlement is not in the best interests of the Certified Class. The objector may also appear in person or through his/its own attorney at the Final Approval Hearing. Copies of any objection must also be served on Class Counsel and Counsel for Defendants as required by the Federal Rules of Civil Procedure.

Any Class member that desires to be excluded from the settlement may do so by sending a notice to Class Counsel on or before the date set by the Court in the Preliminary Approval Order containing: (1) the name of this case, *Brust and Presswood v. Opensided MRI*, (2) the entity/person's name, address and fax number, and (3) a statement that you wish to be excluded (for example, "Exclude me from the Brust and Presswood v. Opensided MRI case.")

10. <u>Claim Forms</u>. Class members must submit a claim form to receive a share of the Settlement Fund. The claim form (the "Claim Form") will be attached to the Notice of Class Action and Proposed Settlement with Attached Claim Form" in the form attached hereto as <u>Exhibit 2.</u> After the payments to Class Counsel and to the Class Representatives, each member of the Settlement Class who submits a completed, timely and valid Claim Form shall be paid his or her *pro rata* share of the Settlement Fund, up to a total of $550.00. Claim Forms will be due within 74 days after the Court orders Preliminary Approval. Any member of the Settlement Class who does not submit a Claim Form within the 74-day time limit, as evidenced by postmark or other identifiable date of transmission, shall receive no monetary payment from the Settlement Fund. In order to be deemed a Settlement Class Member, the Claim

Form submitted by the Class Member must list a facsimile number provided by OpenFax, Inc. in discovery as having successfully received a facsimile by Defendants. The Parties have the right to challenge a submitted claim by a prospective Settlement Class member but the decision of the Claims Administrator regarding the validity of the submitted claim shall be binding on the Parties. Only one claim per fax number will be validated and, if valid, approved.

11. <u>Incentive Award and Attorneys' Fees</u>. Class Counsel will apply to the Court for Plaintiffs to be awarded $5,000.00 each from the Settlement Fund for representing the Settlement Class. Defendants shall not oppose this request or appeal the award. Class Counsel will request an award for attorney's fees in an amount equal to third 33 1/3% of the Settlement Fund ($290,216.67), plus out-of-pocket litigation expenses in the amount of $37,000 and notice costs and administrative fees in the amount of $6,140, all of which Defendants agree to pay from the Settlement Fund. Defendants will not oppose these requests or appeal the awards, because they are agreed. The awards will be set forth in the Final Approval Order and Judgment and paid exclusively from the Settlement Fund. No later than 7 days before the Final Approval date, Plaintiffs shall move the Court for the award of attorneys' fees, expenses and costs in the amount of $333,356.67 to be paid to Class Counsel.

12. <u>Final Approval</u>. The preliminary approval order will set a date for a final fairness hearing, at which Plaintiffs and Defendants will request that the Court enter a "Final Approval Order and Judgment" in the form attached hereto as <u>Exhibit 3</u>. The fact that the Court may require non-substantive changes in the Final Approval Order and Judgment will not invalidate this Agreement or the settlement.

13. <u>Effective Date</u>. The "Effective Date" of this Agreement shall be the calendar date

five days after the later of (a) the date on which the Court enters a Final Approval Order and Judgment dismissing with prejudice the claims of all Settlement Class members (including Plaintiffs) who do not properly exclude themselves as provided in the Notice, or (b) if any Settlement Class member objected to the settlement, the date on which the date for filing an appeal has expired or, if there are appeals, the date on which the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.

14. <u>Claims Administrator</u>. The Parties have agreed to retain Class-settlement.com as the third-party claims administrator (the "Claims Administrator"), who will issue the required CAFA notice; cause the notice to be sent to the Settlement Class Members via facsimile and if unsuccessful after three attempts, postcard via U.S. mail; receive the Claim Forms; assist class members in completing and submitting forms; provide a list of accepted and rejected claims to counsel for the Parties, procure W-9s, if needed; and handle tax notices as required. Upon request, the Claims Administrator will provide copies of all Claim Forms to counsel for the Parties.  If there is a discrepancy with a submitted claim, either party may ask the Claims Administrator to request additional documentation. The cost and expenses of the Claims Administrator are deemed an out-of-pocket expense pursuant to paragraph 11 above and will be paid from the Settlement Fund.

15. <u>Payments</u>. Each member of the Class who submits a timely and valid Proof of Claim shall receive $550.00 per fax, unless the total amount of claims are such that, after payment of attorneys' fees, expenses, incentive award and cost of the Claims Administrator would exceed the amount of the Settlement Fund, in which case

claiming class members shall receive a *pro rata* share of the Settlement Fund after said expenses and fees have been paid. On the Effective Date, the Claims Administrator shall inform Defendants of the amount of the Settlement Fund necessary to pay (a) the Settlement Class members who submitted a completed, timely and valid Claim Form as set forth in Paragraph 10, (b) the incentive payments to the two Plaintiffs as set forth in Paragraph 11, (c) the attorneys' fees and costs as set forth in Paragraph 11, and (d) the out-of-pocket costs and administrative fees set forth in Paragraph 11 (the "Final Payment").  Defendants shall pay to the Claims Administrator the Final Payment by certified check or wire transfer, within 3 (three) business days of the Effective Date, to the Claims Administrator. Checks issued to the Settlement Class members will be void 90 days after issuance and shall state that fact on their face.  Any uncashed checks after 90 days, or checks that are returned to the Claims Administrator, shall be returned to Defendants.  Defendants shall keep all money in the Settlement Fund that is not required to be paid under this Agreement as part of the Final Payment.

16. Releases.

    **(A)** Class Release:  Upon entry of the Final Approval Order and Judgment and payment of the Final Payment, all Settlement Class members who do not opt out of the proposed Settlement Class as required in the Notice, including but not limited to Plaintiffs, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, release and forever discharge Defendants, Defendants' insurers (including but not limited to Travelers Insurance), Dr. Matthew Ruyle, and all of Defendants' officers, members, managers, agents, representatives, successors, directors, employees, privities, and

attorneys from any and all claims, demands, debts, liabilities, actions, suits, claims, expenses, causes of action of every kind and nature (including but not limited to any claims relating to the violation of the TCPA or unfair or deceptive practices act), obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted that arise out of or relate to the faxes sent by or on behalf of Defendants to the Settlement Class (the "Released Claims").  Except as otherwise ordered by the Court, all Settlement Class members who fail to object or fail to submit a completed, timely and valid Claim Form shall be forever barred from receiving any payments pursuant to the Settlement Agreement, but will in all other respects be subject to and bound by the provisions of the Agreement, the released contained herein, and the Judgment.

**(B)** <u>Defendants' Release</u>:  Subject to and effective upon entry of the Final Approval Order, Defendants, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, shall release with prejudice Plaintiffs and their agents and attorneys, from all claims arising from or relating to Plaintiffs' prosecution of the Litigation against Defendants.

17. <u>Class Enjoined</u>. On the Effective Date, all members of the Settlement Class who did not exclude themselves as required by the notice (and any person or entity claiming by or through him, her, or it, as heir, administrator, devisee, predecessor, successor, attorney, representative of any kind, shareholder, partner, director or owner of any kind, affiliate, subrogee, assignee, or insurers) will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in,

participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendants about the Released Claims; and all persons and entities shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendants (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class members who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or arises from the Released Claims.  This release does not release any claims brought by the government or any governmental agency.

18. <u>Cooperation</u>. Plaintiffs and Defendants agree to cooperate fully with one another to affect the consummation of this Agreement and to achieve the settlement provided for herein.

19. <u>Right to Set Aside Agreement</u>.

    a. The Effective Date of this Settlement Agreement shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs:
    (i) This Agreement has been signed by the Parties, Settlement Class Counsel, and Defendants' Counsel;
    (ii) The Court has entered the Preliminary Approval Order;
    (iii) The Court has entered the Final Approval Order substantially consistent with the Order attached hereto as Exhibit C, following notice to the Settlement Class, and has entered the Final Judgment, or a judgment

>> substantially consistent with this Agreement; and
>>
>> (iv)   The Final Judgment has become Final.
>
> b.   If some or all of the conditions specified in Section 19(a) are not met, or in the event that this Settlement Agreement is not approved by the Court, or the settlement set forth in this Settlement Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be cancelled and terminated, unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with this Settlement Agreement.  In that event, the Parties shall be equally responsible for all costs incurred by the Claims Administrator.
>
> c.   Any Party shall have the right to void, rescind and terminate the settlement, for any reason, within 14 (fourteen) days prior to the Court's Final Approval Hearing.
>
> d.   If this Settlement Agreement is terminated or fails to become effective for any reason, the Parties to the fullest extent possible—shall be restored to their respective positions as of the date of the signing of the Settlement Agreement.  In such event, any Judgment or other order entered by any court in accordance with the terms of this Agreement shall be treated as vacated, nunc pro tunc, and the Parties shall be returned to the status quo ante as if this Agreement had never been entered into.

20. <u>Dismissal of Dr. Matthew Ruyle</u>.  Upon preliminary approval by the Court of the Settlement Agreement, the Parties agree to dismiss Defendant Dr. Matthew Ruyle as a party from the Litigation, without prejudice.

21. <u>Agreement Contingent Upon Entry of Final Approval</u>. This Agreement is contingent upon the Court's entry of an order containing a judgment giving final approval to the terms of this Agreement. If the Court refuses to grant final approval of the terms of the settlement set forth herein, or if the Court's Final Approval Order and Judgment is reversed or substantially modified on appeal, then this Agreement shall be null and void, and no stipulation, representation, or assertion of fact made in this Agreement may be used against any Party. No party to this Agreement, absent any substantive change by the Court, shall appeal the approval of this Settlement Agreement by the Court.

22. <u>Notices</u>. Requests for exclusion, copies of objections to the Agreement or settlement, and notices to Plaintiffs and the Settlement Class shall be sent to:

Max G. Margulis #24325MO
MARGULIS LAW GROUP
28 Old Belle Monte Rd
Chesterfield, MO 63017

Requests for exclusion, copies of objections to the Agreement or settlement, and notices to Defendants shall be sent to its counsel addressed as follows:

Tina N. Babel #58247MO
CARMODY MACDONALD P.C.,
120 South Central Ave, Ste 1800,
St. Louis, MO 63105

23. <u>Court Submission</u>. Class Counsel will submit this Agreement and the exhibits hereto, along with such other supporting papers as may be appropriate, to the Court for preliminary approval. If the Court declines to grant preliminary approval of the settlement and to order notice of hearing with respect to the proposed Settlement Class, or if the Court declines to grant final approval to the foregoing after such notice and hearing, this Agreement will terminate as soon as the Court enters an

order unconditionally and finally adjudicating that this Agreement and settlement will not be approved.

24. <u>Integration Clause</u>. This Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by adequate consideration as confirmed in writing.

25. <u>Headings</u>. Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

26. <u>Binding and Benefiting Others</u>. This Agreement and the settlement shall be binding upon and inure to the benefit of the Parties, and to their respective present, former, or future agents, insurers, representatives, employees, directors, officers, members, managers, shareholders, attorneys, parents, subsidiaries, and affiliates.

27. <u>Warranties</u>. The Parties each represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights they may have with respect to the claims released in this Agreement, and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts. Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party(ies) for which he or she is signing.

28. <u>Governing Law</u>. The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Missouri, without regard to its conflict of laws or choice of law provisions.

29. <u>Mutual Interpretation</u>. The Parties agree and stipulate that the settlement was negotiated on an "arm's-length" basis between parties of equal bargaining power. Class Counsel and Defendants' counsel have drafted the Agreement jointly. Accordingly, this Agreement is not one of adhesion, is mutually created, and no ambiguity shall be construed in favor of or against any of the Parties. Plaintiffs and the Settlement Class acknowledge, but do not concede to or agree with, statements by Defendants regarding the merits of the claims or class certification and Defendants acknowledge, but do not concede to or agree with, Plaintiffs' or the Settlement Class's statements regarding the merits of the claims or class certification.

30. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile signatures are acceptable for the execution of this Agreement.

31. <u>Severability</u>. In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within 20 days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

32. <u>Continuing Jurisdiction</u>. Without affecting the finality of the final judgment, the Court shall retain continuing jurisdiction over the Litigation and the Parties, including all members of the Settlement Class, the administration and enforcement of this Agreement and the settlement, and the benefits to the Settlement Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Agreement, the Preliminary Approval Order, and the Final Approval Order and Judgment, and hearing and determining an application by Class Counsel for an award of fees and expenses. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court.

*Remainder of page intentionally left blank.*

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed on the date set forth below.

Dated: 3/14/2024

DOUGLAS PHILLIP BRUST, D.C. P.C.,
on behalf of itself and the Settlement Class

By: *[signature]* Douglas Phillip Brust DC PC

Its: OWNER

Dated: _____

ALAN PRESSWOOD, D.C., P.C.,
on behalf of itself and the Settlement Class

By: _____

Its: _____

Dated: 3/14/2024

By: *[signature]* Max G. Margulis
Max G. Margulis

Dated: 3/14/2024

By: *[signature]* Wallace C. Solberg
Wallace C. Solberg

*Attorneys for Plaintiffs and the Certified Class*

Dated: _____

OPENSIDED MRI OF ST. LOUIS, LLC,

By: _____

Its: _____

Dated: _____

OPENSIDED MRI OF ST. LOUIS II, LLC,

By: _____

Its: _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed on the date set forth below.

Dated: _____

**DOUGLAS PHILLIP BRUST, D.C. P.C.,**
on behalf of itself and the Settlement Class

By: _____

Its: _____

Dated: 3/12/2024

**ALAN PRESSWOOD, D.C., P.C.,**
on behalf of itself and the Settlement Class

By: *Dr. Alan Presswood* [signature]

Its: APC

Dated: _____

By: _____
Max G. Margulis

Dated: _____

By: _____
Wallace C. Solberg

*Attorneys for Plaintiffs and the Certified Class*

Dated: _____

**OPENSIDED MRI OF ST. LOUIS, LLC,**

By: _____

Its: _____

Dated: _____

**OPENSIDED MRI OF ST. LOUIS II, LLC,**

By: _____

Its: _____

17

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth below.

Dated: _____     DOUGLAS PHILLIP BRUST, D.C. P.C.,
on behalf of itself and the Settlement Class

By _____

Its _____

Dated: _____     ALAN PRESSWOOD, D.C., P.C.,
on behalf of itself and the Settlement Class

By _____

Its _____

Dated: _____     By: _____
Max G. Margulis

Dated: _____     By: _____
Wallace C. Solberg

*Attorneys for Plaintiffs and the Certified Class*

Dated: 3/20/24     OPENSIDED MRI OF ST. LOUIS, LLC.

By _[signature]_

Its MANAGING MEMBER

Dated: 3/20/24     OPENSIDED MRI OF ST. LOUIS II, LLC,

By _[signature]_

Its MANAGING MEMBER

Dated 3/20/24     MATTHEW REYLE

Dated     By _____
                Tina N. Babel

*Attorney for Defendants*