**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DOUGLAS PHILLIP BRUST, D.C., P.C., and ALAN PRESSWOOD, D.C., P.C., individually and on behalf of others similarly situated, <br><br> Plaintiff, <br> v. <br><br> OPENSIDED MRI OF ST. LOUIS LLC, et al, <br><br> Defendants. | Case No. 4:21-cv-00089-SEP |

**<u>ORDER GRANTING PRELIMINARY</u>**
**<u>APPROVAL OF CLASS ACTION SETTLEMENT</u>**

The Court has considered the March 14, 2024, Settlement Agreement and its Exhibits, the Parties' Joint Motion for Preliminary Approval of Class Action Settlement, and all other relevant papers filed in the above-captioned action. The matter having been submitted and good cause appearing therefore, the Court finds as follows:

1. All defined terms contained herein have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with this Court as Exhibit B to the instant motion. The Settlement Agreement is incorporated by reference into this Order.

2. The Settlement Class Representatives and Defendants, through their counsel of record, have reached an agreement to settle all claims in the above-captioned action.

3. The Court preliminarily concludes that, for purposes of approving this Settlement Agreement only and for no other purpose and with no other effect should the proposed Settlement Agreement not be finally approved or should the Effective Date not occur, the proposed Settlement Class likely meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Settlement Class is ascertainable and so numerous that joinder of all members of the classes is impracticable; (b) there are questions of law or fact common to the proposed Settlement Class, and there is a well-defined community of interest among members of the proposed Settlement Class with respect to the subject matter of the above-captioned action; (c) the claims of the Settlement Class Representatives are typical of the claims of the members of the proposed Settlement Class; (d) the Settlement Class

Representatives will fairly and adequately protect the interests of the members of the Settlement Class; (e) the counsel of record for the Settlement Class Representatives are qualified to serve as counsel for the Settlement Class Representatives in their own capacities as well as their representative capacities and for the Settlement Class; (f) common issues will likely predominate over individual issues; and (g) a class action is superior to other available methods for an efficient adjudication of this controversy.

4. The Parties also have presented for the Court's review a Settlement Agreement attached as Exhibit 1 to the Supplemental Memorandum in Support of their Joint Motion for Preliminary Approval of Class Action Settlement. The settlement proposed is within the range of reasonableness and meets the requirements for preliminary approval.

5. The Court preliminarily finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, when considering the merits of Plaintiffs' case, weighed against the terms of the settlement, Defendant's financial condition, and the complexity and expense of further litigation. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005) (citing *Van Horn v. Trickey*, 840 F.2d 604, 606 (8th Cir. 1988)).

6. The Court has also considered the following factors, as described in Fed. R. Civ. P. 23(e)(2), in preliminarily finding that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members:

(A) the Class Representatives and Class Counsel have adequately represented the Classes;

(B) the proposed settlement was negotiated at arm's length;

(C) the relief provided for the Classes is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Classes, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats Class Members equitably relative to each other.

7. The Parties have presented for the Court's review a plan to provide to Class Members notice of the terms of the Settlement Agreement and the various options the Class

Members have, including, among others, the options to opt out of the class action and to object. The notice will be provided consistent with the requirements of the Settlement Agreement, which proposes notice via facsimile and, if unsuccessful after three attempts, by postcard via U.S. mail. The methods of notice described in the Settlement Agreement constitute the best practical notice of the Final Approval Hearing and the proposed Settlement Agreement; constitute valid, due, and sufficient notice to all members of the Settlement Class; and comply fully with the requirements of Fed. R. Civ. P. 23(c)(2)(B), the Constitutions of the United States and State of Missouri, the Class Members' rights of due process, and all other applicable law.

8. The Court approves the form of Notice, attached as Exhibit 2 to the Settlement Agreement, to be sent to Class Members.

9. The Court takes notice of the proposed request for attorneys' fees and costs to Class Counsel and the payment of Service Awards to Class Representatives.  An application for attorneys' fees and costs and Service Award shall be filed by the date noted below.  The requests for attorneys' fees and costs and payment of Service Awards will be reviewed by the Court at the Final Approval Hearing.

Therefore, good cause appearing,

**IT IS HEREBY ORDERED:**

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby conditionally certifies that the above-captioned action may proceed, for settlement purposes only, as a class action on behalf of the Settlement Class defined as:

> **Class A**: "All persons or entities who were successfully sent faxes, on or about April 7, 2020, April 15, 2020, April 21, 2020, May 18, 2020, and June 1, 2020, that state: "Greater Missouri Imaging, We are scheduling Monday-Friday for emergent and nonemergent MRIs, CTs and injections," and/or "At Greater Missouri Imaging we are always striving to provide the best diagnostic imaging services in the St. Louis are [sic].""

Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled persons of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants and the immediate family members of such persons, and members of the Missouri judiciary.

2. Douglas Phillip Brust, D.C., P.C. and Alan Presswood, D.C., P.C., are appointed representatives of the Settlement Class.  Margulis Law Group and Anderson + Wanca are appointed Settlement Class Counsel.

3. The Court hereby grants preliminary approval of the Settlement Agreement as falling within the range of possible approval and meriting submission to Class Members for consideration.

4. Notice of the proposed Settlement Agreement and the rights of Class Members to opt in and/or out of or object to the Settlement Agreement shall be given consistent with the terms of the Settlement Agreement and shall be sent to Class Members as soon as practicable after entry of this Order and no later than **May 1, 2024**.

5. Requests by any Class Member to opt out of the settlement must be submitted to Class Counsel and Defendant's counsel on or before **July 1, 2024**.

6. The Court hereby approves Class-settlement.com as the Claims Administrator. All completed and signed Claim Forms must be postmarked or submitted to the Claims Administrator on or before **July 1, 2024.**

7. **Not later than August 20, 2024,** Class Counsel shall file an affidavit with the Court that lists all opt-outs received.

8. **Not later than August 20, 2024**, Class Counsel shall file any motion/application for attorneys' fees and costs to be awarded to Class Counsel and for Service Awards for the Class Representatives. The Court will review any such application at the Final Approval Hearing.

9. Any objections with supporting memoranda must be filed with the Court, or postmarked if submitted to the Court by mail, and served upon counsel for the Parties on or before **July 1, 2024.**

10. A Final Approval Hearing will be held before this Court on **August 27, 2024, at 2:00 p.m.** at the Thomas F. Eagleton United States Courthouse, 111 South Tenth Street, St. Louis, Missouri 63102, in Courtroom 16 North, to consider whether the Settlement Agreement should be given final approval by the Court. All papers in support of the final approval of the Agreement and the Service Award to Plaintiffs shall be filed by no later than **August 20, 2024.** At the Final Approval Hearing, the
Court will consider:

    a. whether to finally certify the Settlement Class;

    b. whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate;

   c.  whether a Final Judgment should be entered thereon;

   d.  whether Class Counsel fairly and adequately protected the interests of the Settlement Class; and

   e.  whether Class Counsel's request for attorneys' fees and costs and Service Awards for the Class Representatives should be approved by the Court.

  11. At the Final Approval Hearing, Settlement Class Members who have not opted out of the Settlement may be heard orally in support of or—if they have timely submitted written objections—in opposition to the Settlement Agreement.

  12. Class Counsel and Defendant's Counsel should be prepared at the hearing to respond to objections filed by Settlement Class Members and to provide other information bearing on whether or not the settlement should be approved, as appropriate.

  13. With the exception of the actions to be taken as directed in this Order, this case is **STAYED** pending the Final Approval of the Settlement.

  14. In the event that the Effective Date occurs, all Settlement Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

  **IT IS SO ORDERED**.

Dated this 17th day of April, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE