UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS PHILLIP BRUST, D.C., P.C., and ALAN PRESSWOOD, D.C., P.C., individually and on behalf of others similarly situated, <br><br> Plaintiff, <br> v. <br><br> OPENSIDED MRI OF ST. LOUIS LLC, et al, <br><br> Defendants. | Case No. 4:21-cv-00089-SEP |

### ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiffs' Motion for Final Approval of Settlement and Attorney Fees and Expenses. Doc. [75]. On August 27, 2024, the Court held a Final Approval Hearing to consider the issues presented in the motion and proposed settlement. At that hearing, Class Counsel and Defendant's counsel presented information about the implementation of the Settlement Agreement, which the parties entered into on March 20, 2024. *See* Doc. [70-2].

On April 17, 2023, the Court preliminarily approved the proposed settlement. Doc. [71]. At that time, the Court conditionally certified this case as a class for settlement purposes, on behalf of the Settlement Class defined as:

> **Class A:** All persons or entities who were successfully sent faxes, on or about April 7, 2020, April 15, 2020, April 21, 2020, May 18, 2020, and June 1, 2020, that state: "Greater Missouri Imaging, We are scheduling Monday-Friday for emergent and nonemergent MRIs, CTs and injections," and/or "At Greater Missouri Imaging we are always striving to provide the best diagnostic imaging services in the St. Louis are [sic]."

In the Preliminary Approval Order, the Court appointed Douglas Phillip Brust, D.C., P.C. and Alan Presswood, D.C., P.C., as representatives of the Settlement Class, and appointed Margulis Law Group and Anderson + Wanca as Settlement Class Counsel. In the Preliminary Approval Order, the Court also approved the form and manner of the Notice Program and set a hearing date to consider final approval of the Settlement. The Court has considered the Parties' Motion for Final Approval of Class Action Settlement and Attorney Fees, Doc. [75], the Settlement Agreement, Doc. [70-2], the Parties' Memorandum in Support and its Exhibits,

Docs [75], [75-1], [75-2], [75-3], as well as the Parties' argument at the hearing held on August 27, 2024.

The matter having been submitted and good cause appearing therefore, the Court finds as follows:

1. All defined terms contained herein have the same meaning as set forth in the final Settlement Agreement executed by the Parties and filed with this Court as Doc. [70-2] to the first Motion for Preliminary Approval of Class Action Settlement;

2. Notice in this case was completed by the Claim Administrator, Class-Settlement.com, a nationally known class-administration firm with significant experience. The Court recognizes and approves the content of the Declaration provided by the Class Administrator regarding the Notice of Class Action Settlement. Doc. [75-2].

3. Defendant has ensured notice of the class action settlement pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, was delivered to the Attorney General of the United States and to the appropriate state officials in all fifty states, the District of Columbia, and Puerto Rico. Doc. [75-2].

4. The Settlement Administrator confirms that the CAFA Notice was delivered as of May 1, 2024. Doc. [75-2].

5. The Court finds that there were no exclusions submitted before settlement and no opt-outs.

6. The Court finds that all aspects of Class Notice were accomplished in accordance with this Court's preliminary approval of the Settlement.

7. The Settlement Class Representatives and the Defendant, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation. The Court recognizes that the Settlement Agreement between the Parties is a compromise of disputed claims.

8. The Parties have agreed that Class Counsel will be awarded attorneys' fees in the amount of $287,314, which is approximately one-third of the total settlement fund to satisfy all attorneys' fees and costs in this case. The Court has reviewed all factors relevant to the award of attorneys' fees, including the novelty and

2

difficulty of questions presented, and the result obtained on behalf of the Classes. Courts in this circuit " 'have frequently awarded attorneys' fees ranging up to 36% in class actions.' " *In re T-Mobile Customer Data Sec. Breach Litig.*, 2024 WL 3561874, at *1 (8th Cir. July 29, 2024) (quoting *Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017). The amount agreed to here is reasonable given the nature of this case and the work of Class Counsel. The settlement followed over two years of vigorously contested litigation, including this Court's certification of a contested Class. Class Counsel worked diligently on the case and moved it towards settlement as quickly as practicable. Further, the benefits to the Class are significant. Finally, attorneys' fees were negotiated at arms-length and approved by all Parties, including the Class Representatives. There have been no objections by Class Members to the amount of attorneys' fees. Based on the above, the Court finds that the requested attorneys' fees are fair and reasonable and should be paid from the Settlement Fund.

9. The Court finds that the Class Representative payments of $5,000 each to the class representatives Douglas Phillip Brust, D.C., P.C. and Alan Presswood, D.C., P.C., are fair and reasonable.

10. The Court finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class members, when considering the merits of Plaintiffs' case, weighed against the terms of the settlement; Defendant's financial condition; the complexity and expense of further litigation; and the lack of opposition to the settlement. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005) (citing *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988)).

11. The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class members:

    a. class representatives and counsel have adequately represented the class

    b. the proposal was negotiated at arm's length

    c.    the relief provided for the class is adequate, taking into account:

- the costs, risks, and delay of trial and appeal;

- the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

- the terms of any proposed award of attorney's fees, including timing of payment; and

- any agreement required to be identified under Rule 23(e)(3); and

    d.    the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

12. Further, this Court hereby:

    a.  Finds that all matters ordered by this Court in its Order Granting Preliminary Approval of Class Action Settlement, Doc. [71], have been accomplished;

    b.  Finds that Class Counsel have fairly and adequately protected the interests of the Settlement Class;

    c.  Finds that all requirements of statutes, rules, and the United States Constitution necessary to effectuate this Agreement have been met and satisfied;

    d.  Finds that Defendant met the requirement of notice to appropriate state and federal officials under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711-15, and further finds that more than 90 days have elapsed since that notice. The Court further finds that the notice procedure implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order constituted the best practicable notice; was reasonably calculated under the circumstances to apprise Class Members of the pendency of the litigation and of their rights to object or exclude themselves from the proposed Settlement and of their

      e. Gives final approval to the Settlement Agreement as fair, reasonable, and adequate to the Class Members;

      f. Approves the award of Class Counsel's attorney fees in the amount of amount of $287,314, and Class Representative compensation in the amount of $5,000 pursuant to the Settlement Agreement;

      g. Recognizes that by entering into the Settlement Agreement, Defendant Opensided MRI of St. Louis, LLC, has not admitted any wrongdoing or liability on its part and denies the same. The Court recognizes that the Settlement Agreement between the Parties is a compromise of disputed claims; and

      h. Recognizes that Class Counsel have done an admirable job of representing the interests of the Class; Class Representatives have represented the Class fairly and adequately, giving up their time to secure relief that will benefit all members of the Class; counsel for the Defendant Opensided MRI of St. Louis, LLC, has provided excellent representation for their client; thus, final approval is in the best interest of the Parties and the Class.

Good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Consent Motion for Final Approval of Settlement and for Attorney Fees, Doc. [75], is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. The Settlement Agreement is given final approval as fair, reasonable, and adequate for the settlement of the claims of the Class Members.
2. The Parties will comply with the terms of the Settlement Agreement with the terms of the Settlement being incorporated in this Order.
3. All members of the Settlement Class, their heirs, executors, administrators, successors, and assigns are bound by this Final Order. The Settlement Class is defined as:

    **Class A:** All persons or entities who were successfully sent faxes, on or about April 7, 2020, April 15, 2020, April 21, 2020, May 18, 2020, and June 1, 2020, that state: "Greater Missouri

(continued at top of page, including:) right to appear at the fairness hearing; and constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice;

     Imaging, We are scheduling Monday-Friday for emergent and nonemergent MRIs, CTs and injections," and/or "At Greater Missouri Imaging we are always striving to provide the best diagnostic imaging services in the St. Louis are [sic]."

4. This action, including all claims against Defendants asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiffs and all Settlement Class members against Defendants, is hereby dismissed with prejudice and without taxable costs to any Party.

5. All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her, or it brought in this Court or any other forum (other than persons who have properly opted out of the Settlement) are barred pursuant to the releases set forth in the Settlement Agreement, which is hereby incorporated into this judgment.  All persons and entities are enjoined from instituting, either directly or indirectly, any action against Defendants in this Court or in any other court or forum, asserting any claim that is being settled or released herein.

6. Defendant has created a settlement fund of up to $870,650.00 to pay all claims by Settlement Class members, to pay Class Counsel's fees and litigation expenses, the costs of notice and claims administration, and to pay the Class Representatives' incentive awards.  Unclaimed monies in the Settlement Fund shall revert back to the Defendants.  As the Parties agreed in the Settlement Agreement, each class member who submits a timely and valid Claim Form shall be paid $550.00.  The Claims Administrator shall cause those checks to be mailed after receiving the funds from Defendant.  Any uncashed checks after 90 days shall be returned to Defendants.

7. Attorney fees and Class Representative payments are fair and reasonable and should be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement.

8. The Court retains jurisdiction as to all matters relating to administration, implementation, and enforcement of the Settlement Agreement and this Order.

   A separate Judgment will be entered pursuant to Federal Rule of Civil Procedure 58 on this same date.

Dated this 27th day of August, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE